# REPORTS

OF

## CASES ARGUED AND DETERMINED

### At January Term, 1856.

————— ◆ —————

## FRANKLIN vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Admissibility of confessions of guilt.*—Confessions of guilt voluntarily made by the defendant after he was arrested, and whilst his hands and feet were tied, are admissible evidence against him.

2. *Power of court over proceedings in fieri.*—Where the trial and conviction occur at the term at which the indictment was found, the court may, at any time during that term, as well after as before conviction, cause the clerk to endorse the indictment "filed," to date the endorsement according to the fact, and sign it; and may also cause an entry to be made on the minutes, that the indictment was returned into court by the grand jury, with the day on which it was so returned. Over such matters the court has control during the term, and may alter, amend, or set them aside, as justice may require.

FROM the Circuit Court of Walker.

Tried before the Hon. THOS. A. WALKER.

The record shows that on the 24th day of September, 1855, the grand jury, after being duly organized at the Fall term, 1855, of the circuit court of Walker county, returned into that court an indictment, charging the plaintiff in error, in

2

due form, with the murder of Absalom Boon; that, at the
time it was so returned into court, it was endorsed "a true
bill", and the endorsement was signed by "James L. Boyd,
foreman of the grand jury"; that, on the same day, the clerk
of that court entered on it the following endorsement: "Filed
in open court by James L. Boyd, foreman of the grand jury,
Sept. 24th, 1855. Test: D. L. Stovall, Clerk;" that, at
that time, the plaintiff in error was confined in the jail of
Tuskaloosa county for safe keeping; that on the same day,
the court caused to be entered on the minutes a statement
that said indictment had been returned into court, and an
order thereupon that the jailor of Tuskaloosa county deliver
the plaintiff in error to the sheriff of Walker county, or to
his deputy, and that said sheriff, or his deputy, bring the
plaintiff in error before that court; and that on the 28th day
of September, 1855, the plaintiff in error pleaded not guilty,
and was tried under said indictment, and the jury found him
guilty of murder in the first degree, and further found that
he "must suffer death."

On the trial, as appears by the bill of exceptions, the State
introduced Wm. E. Payne as a witness, who stated, that after
the prisoner was arrested, and his hands tied with a rope, and
his feet with a bridle, he (the prisoner), voluntarily and of his
own accord, confessed as follows: "I took damned good aim,
for I intended to kill him." "I have not killed man, but
only a damned dog—I aimed right at his heart." "I killed
him, and am glad of it." The witness stated, that "these
words were voluntarily spoken by the prisoner, without
threat or promise, or any questions being asked him, but un-
der duress as above—as above stated, being arrested and
tied." To the introduction of this testimony the prisoner
objected; but his objection was overruled, and he excepted.

After the trial, the prisoner made a motion in arrest of
judgment. The grounds of this motion, and the action of
the court in relation thereto, are stated in another bill of ex-
ceptions, sealed at his instance. The first ground of the
motion was, "that there was no sufficient endorsement by the
clerk that said indictment was returned into court by the
grand jury." The court held this ground insufficient, and
permitted the clerk, after verdict, to make the following en-

dorsement on the indictment, which (the bill of exceptions states) "was according to the facts," viz:

"Filed in open court, Sept. 24, 1855.

·D. L. STOVALL, Clerk."

The bill of exceptions contains this additional statement: "The indictment in this cause was found at this term of the court now in session, and returned into open court by the grand jury empanneled and sworn at this term of the court. The court directs the clerk to make the proper endorsement as above stated, and defendant excepted."

The only other ground of the motion in arrest of judgment was, "that there were no sufficient minutes of the court showing that said indictment was returned into court by the grand jury. The entry objected to in this behalf is in the following words, to-wit:

"The State, v. } Murder. Lott M. Franklin. } This day the grand jury, now in session for Walker county, returned into open court a bill of indictment against Lott M. Franklin, for murder. And it appearing to the court that the said Lott M. Franklin is confined in the jail of Tuskaloosa county for safe keeping, it is therefore ordered by the court, that an order be made requiring the jailor of Tuskaloosa county to deliver the said Lott M. Franklin to the sheriff, or his deputy, of this (Walker) county, and that the said sheriff, or his deputy, shall forthwith proceed to execute this order and bring the said Franklin before this court."

After stating the foregoing matters, the bill of exceptions further states, that the court overruled the motion in arrest of judgment, and the defendant excepted.

Sentence of death was pronounced and entered against the prisoner; but, as questions of law had been reserved by bill of exceptions, the execution of the sentence was suspended for at least sixty days after the commencement of the pres-- ent term of this court, and the prisoner removed to the jail of Tuskaloosa county, there to be kept and detained until the further order of this court.

WM. S. EARNEST, for the appellant.

M. A. BALDWIN, Attorney General, contra.

RICE, C. J.—Confessions of guilt, voluntarily made by a person, are admissible evidence against him, although they were made after he was arrested, and whilst his hands were tied with a rope and his feet with a bridle.—Seaborn v. The State, 20 Ala. R. 15 ; Brister v. The State, 26 Ala. R. 107.

Where the trial and conviction occur at the term at which the indictment was found, the · court may, at any time during that term, as well after as before the conviction, cause its clerk to endorse on the indictment, " filed," and to date such endorsement according to the fact, and to sign it ; and may also cause an entry to be made on the minutes, that the indictment was returned into. court by the grand jury, and the day on which it was so returned into court. Over such matters the court has control during the term, and may alter, amend, or set them aside, as justice may require.—Saunders v. Coffin, 16 Ala. R. 421.

These plain principles dispose of the present case, and force us to the conclusion that there is no error which can avail the prisoner.

The judgment is affirmed ; and as the sentence of conviction has been suspended that the case might be here reviewed, it is adjudged that the prisoner be executed by the sheriff of Walker county, in the manner prescribed by law, on Friday, the 21st day of March, 1856, between the hours of 10 o'clock, A. M., and 4 o'clock, P. M., of that day, by being hanged by the neck until he is dead. · And the jailer of Tuskaloosa county must deliver the prisoner to the sheriff of Walker county, on demand made by said sheriff, who must execute this sentence in Walker county.