Levy v. The State.

---

## LEVY *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *City court of Mobile; criminal jurisdiction of.*—The city court of Mobile, within the boundaries prescribed by law, has the same jurisdiction in criminal cases that is conferred upon the circuit court in similar cases.— Rev. Code, § 3930.
2. *Same; power to hold special terms.*—That court, at the discretion of the judge, may hold special terms "to deliver the jail of all persons charged with crimes and offenses."—Acts 1857-8, pp. 56-7, No. 74, § 3.
3. *Same; jurors for special term, how drawn.*—The petit juries to attend at the special terms of said city court may be regularly drawn as jurors for a regular term of the circuit court, or they may be organized as special juries for the same purpose.—Rev. Code, §§ 4068, 4088.
4. *Same.*—When only a special jury is organized to try a criminal case in the city court at a special term, and no regular jury has been provided,

it is a sufficient compliance with the law if the list of the special jury is delivered to the prisoner one entire day before the trial.

5. *Same; motion to quash venire, when properly overruled.*—In such case, a motion to quash the *venire*, made by the accused, because no regular jury had been drawn and summoned and a list of their names delivered to the defendant, along with the names of the persons ordered to be summoned as special jurors for the trial, should be refused by the court.

6. *Confessions of guilt; how to be considered.*—Confessions of a defendant, introduced against him by the prosecution, must be regarded as evidence in the cause, and considered altogether, both for and against the defendant.

7. *Same; what proper charge as to.*—If the confessions thus let in are sufficient, if believed by the jury, to justify the defendant's acquittal, it is error to refuse so to charge the jury, on the motion of the defendant.

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

The opinion states the case.

MAYER & TURNER, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—This is a prosecution by indictment in the city court of Mobile for the killing of George James. The charge is murder in the first degree. The trial took place at a special term of said city court, and the appellant, said Sam Levy, was found guilty by the verdict of the jury and sentenced to confinement in the penitentiary for life. From this judgment of conviction the defendant brings the case to this court.

The first question presented on the record is a motion to quash the *venire* in the court below, which was refused, and this refusal was made a part of the record by bill of exceptions. The city court of Mobile has the same jurisdiction in criminal cases that a circuit court has in like cases.—Rev. Code, § 3930. And that court, at the discretion of the judge, may order a special term to be held "to deliver the jail of all persons charged with crimes and offenses." Acts 1857–8, pp. 56–7, No. 74, § 3. In the exercise of its criminal jurisdiction, that court is compelled to have a jury. Const. Ala. Art. 1, §§ 8, 13. This jury may be summoned

Levy v. The State.

under section 4068 of the Revised Code, which is in the following words, to-wit: "When a special term of the court is to be held for the trial of unfinished business, the names of thirty persons must be drawn from the box to serve as petit jurors for each week of the term, and such drawing must take place twenty days before the commencement of the term; when for the trial of a person charged with a felony, fifty names must be drawn, if the offense may be punished capitally, and if not, twenty-four, to serve as petit jurors; and such drawing must take place ten days before the commencement of the term."—Rev. Code, § 4068. In this instance, it seems that no jury was drawn and summoned under this section of the statute. When this is the case, then a special jury may be organized under section 4088 of the Revised Code. This section is in these words: "If, in consequence of any neglect on the part of the judge of probate, sheriff, or clerk of the circuit or city court, or from any other cause, no grand or petit jury is returned to serve at any term of the court, or no petit jury summoned for any week thereof, the court may, by an order entered on the minutes, direct the sheriff forthwith to summon eighteen persons qualified to serve as grand jurors, and the *requisite* number to serve as petit jurors; and persons so summoned, failing to attend, are subject to the same penalties as if they had been regularly drawn and summoned, to be recovered in the same manner. The court may supply the deficiency, as in other cases, and a ury thus organized is in all respects legal."—Rev. Code, § 4088. The jury in this case was summoned under this last section of the Code. There was no regular jury drawn and summoned to attend upon the court. The number ordered to be summoned was one hundred. This was the largest number allowed by law. Fifty would have been sufficient.—Revised Code, §§ 4173, 4068. A list of the jurors thus summoned was delivered to the accused one entire day before the day appointed for his trial. This was all the law required.—Revised Code, § 4171. There was, then, no regular jury summoned, but a special jury organized in its stead. There

was nothing irregular in this. And the court below properly overruled the motion to quash the *venire*.

The record shows that, in the further prosecution of the cause in the court below, the State offered a witness on the trial who testified as follows, to-wit: "John Battiste, one of the State witnesses, testified that Sam Levy made the following confession to him in relation to the killing of George James: that he and Wash Harris started out on the night of the killing without any intention of doing any one harm; that they accidentally met George James near Cyrus Sullivan's house, and that Harris advanced upon James and struck him with his gun, and then shot him; that upon seeing the stroke and hearing the fire of Harris' gun, he also shot off his gun, but without pointing it at James or intending to hurt any one." There was some other testimony which tended to contradict the truth of this confession; but on charging the jury the learned judge in the court below, on the request of the defendant, refused to instruct the jury that "every part of Levy's confession introduced by the State is evidence for himself; and if the jury believe it to be true, they must find him not guilty." The accused excepted to this refusal of the court to charge as asked, and made the same a part of the record by bill of exception. This was a correct charge, and should not have been refused.—Revised Code, § 2689; *Edgar v. The State*, 43 Ala. 312. If the State lets in the confessions of the accused against him, it becomes a part of the evidence in the cause. And if it tends to acquit the defendant, he is entitled to its benefit. There can be no doubt that the confessions of the defendant, properly made, are evidence against him.—*Franklin v. The State*, 28 Ala. 9, 12; *Brister v. The State*, 26 Ala. 107; *Seaborn v. The State*, 20 Ala. 15. And it is equally well settled, that the confessions of the defendant, when once offered by the State as evidence for the prosecution, are to be taken altogether; and they become evidence for the prisoner as well as against him.—*Rex v. Clewes*, 4 C. & P. 221, 226; *Respublica v. McCarty*, 2 Dall. Penn. 86; 1 Phill. Ev. C. & H.,

and E notes, p. 532, *et seq* , and cases there cited. The action of the court below having been in opposition to law, as thus settled, was erroneous.

Therefore, the judgment of the court below is reversed, and the cause remanded for a new trial. In the mean time the appellant, said Sam Levy, will be kept in custody until discharged by due course of law.