# Sullins v. The State.

## Indictment for Larceny.

1. *Confessions; admissibility of; rule as to.*—Before the confessions or admissions of the accused can be used as evidence against him, it must appear to the court that they were voluntary, not constrained.

2. *Same; when admissible.*—No matter to whom made, or under what circumstances, confessions of the defendant are admissible against him if, upon consideration of all the circumstances surrounding him at the time he made them, they do not seem to have been influenced by the appliances of hope or fear.

3. *Act amending section 3706 of Revised Code, construed.*—The purpose of the act of February 25th, 1875, amending section 3706 of the Revised Code, was to make the severance and asportation of corn or cotton, whether in a mature or immature state, from the freehold, into the offense of grand larceny.

4. *Same; signification of words used in.*—The word "corn" and the words "outstanding crop," as used in the statute, are not technical, and have a popular signification which cannot be misunderstood.

5. *Same; what sufficient to constitute offense under.*—When corn has reached a state in which it can be used as food for man or beast, the severance and asportation of it is within the mischief against which the statute is designed to protect, and within its words.

APPEAL from Circuit Court of Macon.

Tried before Hon. JAMES E. COBB.

The appellant was indicted under the act of February 20th, 1875, for stealing part of an outstanding crop of corn. The evidence showed that he had pulled eight or ten "roasting-ears," and that upon being arrested and interrogated by the person from whose field he had taken them, he began to beg and to offer to work for him, if he would not punish, and confessed that he had taken the roasting-ears. No threats or promises were made to him by any person. The court admitted the confessions thus made against defendant's objection, and he duly excepted. This was all the evidence material to the points decided. The court charged the jury, that " if the defendant feloniously took and carried away corn, plucking it from the stalk, which at the time was

a part of an outstanding crop of corn, with intent to convert it to his own use, he is guilty as charged." This charge was duly excepted to, and the defendant then asked the following charges : " 1st. That an outstanding crop of corn is a cereal matured, and in a condition to be gathered into a house. 2d. That corn is grain unreaped and unthreshed. 3d. That ' outstanding corn ' is that which remains beyond the proper time of housing, or matured corn in a condition to be housed." The court refused to give either of these charges, and the defendant duly excepted. The admissions of the confessions, and the charges given and refused, are now assigned as error.

G. W. GUNN, for appellant.

JOHN W. A. SANFORD, Att'y Gen., contra.

BRICKELL, C. J.—Before the confessions of the accused, or admissions made by him, can be received as evidence against him, it must appear to the court that they were voluntary, not constrained. Though made to the officer arresting him, or to the magistrate before whom he is carried for examination; or made in answer to inquiries propounded by either officer; and though neither has cautioned or warned him against confessing; if, on a consideration of all the circumstances surrounding him when made, they do not seem to have been influenced by the appliances of hope or fear, from others, they are competent evidence. *Seaborn* v. *State*, 20 Ala. 15 ; *King* v. *State*, 40 Ala. 314 ; *Franklin* v. *State*, 28 Ala. 9. There is not in the evidence the slightest reason for supposing the declarations of the accused were induced by the act or expression of others. They originated in his own volition, without the intervention of extrinsic influence, and were properly received in evidence.

The other questions presented by the record are covered by the decision in the case of *Halley* v. *State*, at present term. There is no room for doubt that the statute under which the indictment was found intended to change the common law principle, that the severance and asportation of corn or cotton, whether in an immature or mature state, from the freehold, was a mere trespass, and convert it into the offense of grand larceny.

The word " corn " and the words " outstanding crop " are not technical, and have a popular signification which cannot be misunderstood. " Corn," here, whatever it may elsewhere signify, or whatever it may have signified elsewhere, does

[Gerrish v. The State.]

not mean a cereal, or wheat, or barley, or oats, or mere grain. It means that which is termed Indian maize, and is and has been the principal breadstuff here. " An outstanding crop " we all understand to mean, a crop in the field— not gathered thence and housed, without regard to its state. It is an outstanding crop from the day it commences to grow until it is finally gathered from the ground on which it is planted and taken away. There are doubtless intervening periods when its severance and asportation would be a mere trespass, and not larceny under the statute. When, however, corn has reached that state that it may be an article of food for man or beast, and of consequence vendible as such, its severance and asportation is within the mischief against which the statute was designed to protect, and within its words.

The judgment is affirmed.