95   19
·106   39

# Ex parte **Russellville**, *in re* **Hurley.**

*Application for Certiorari, in matter of Discharge on Habeas Corpus.*

1. *Municipal charter; ordinance prohibiting sale of liquor.*—A municipality, situated in a county in which a local prohibitory liquor law is of force, and authorized by its charter " to pass all laws and ordinances, and to provide for enforcing the same, for the suppression in said town of all offenders known and classed in the laws of the State of Alabama as offenses against the person, . . offenses against public morality and decency," &c., may by ordinance prohibit the sale of spirituous liquors within its corporate limits.

2. *Same; imprisonment "until fine and costs are paid."*—A provision in a municipal charter authorizing the corporate authorities, on non-payment of the fine and costs on conviction for the violation of an ordinance, to impose hard labor or imprisonment " until the fine and costs are paid," is violative of the constitutional provison which prohibits imprisonment for debt.

THIS was an application in the name of the town of Russellville, a municipal corporation, for a writ of *certiorari*, or other remedial writ, to bring up for review an order or judgment rendered by Hon. J. M. JORDAN, probate judge of Franklin county, discharging one Arthur Hurley from the custody of the town marshal, who held him under a conviction for the violation of a town ordinance. The conviction was in the Mayor's Court, on the 2d January, 1892, and a fine of $25 was imposed. On the same day, while Hurley was yet in the custody of the marshal, he sued out a writ of *habeas corpus*, returnable before Judge JORDAN; and on the hearing, which was had on the same day, he was discharged, the probate judge holding that the ordinance was inoperative and void.

KEY & HESTER, and WM. L. MARTIN, for petitioner.

McCLELLAN, J.—The charter of the town of Russellville invests the mayor and aldermen of that municipality

with power "to pass all laws and ordinances, and to provide for enforcing the same, for the suppression in said town of all offenders known and classed in the laws of the State of Alabama as offenses against the person, offenses against the public peace, offenses against property, offenses against public justice and official duty, offenses against public morality and decency, offenses against public health, convenience and safety, and offenses against suffrage." And it is further provided that all persons convicted of a violation of the ordinances of the town, who fail to pay or secure such fine and cost as may be assessed therefor, "may be placed at hard labor for the town, or imprisoned, until such fine and cost are paid."—Acts 1890–91, pp. 796, 803.

By an act approved February 8, 1881, the sale, gift, or other disposition of spirituous and malt liquors and intoxicating bitters, was prohibited in beat two, known as Russellville beat, and embracing the town of Russellville, in Franklin county; and this statute is still of force, and provides heavy penalties for its violation.—Acts 1880–81, p. 392.

The offense defined and denounced by this statute is one which is "known and classed in the laws of the State of Alabama" as an offense "against public morality and decency."—Code, Part 5, Title 2, Chap. 7, Art. XIII, §§ 4036 *et seq.*

The board of mayor and aldermen of Russellville, after the charter above referred to went into effect we assume, adopted the following ordinance : *"Be it further ordained,* that any person who shall give, sell, barter, or otherwise dispose of spirituous, vinous or malt liquors, or drugs or bitters the basis of which is intoxicating liquor, shall be fined not less than two, nor more than twenty-five dollars."

Under this ordinance, one Arthur Hurley was convicted of *selling* vinous, spirituous or malt liquors in said town, fined within the limitation of the ordinance quoted above, and failing to pay the fine and cost, was in the custody of the marshal of the town pending sentence to imprisonment or hard labor, when he applied to the probate judge of Franklin county for a writ of *habeas corpus,* and prayed to be discharged upon a hearing thereof, on the ground that "said mayor, in convicting the petitioner, exceeded his jurisdiction, in that the charter of the town of Russellville does not confer any authority upon the mayor and councilmen, or any other person, to pass an ordinance prohibiting the sale of whiskey in said town." The writ issued, and on the hearing petitioner was discharged. The town of Russellville now prays this court "for a writ of *certiorari,* or other appropriate remedial writ," to bring that proceeding before

[Ex parte Russellville, in re Hurley.]

this court, and requiring the said judge of probate to vacate
and annul the judgment, &c., upon said writ of *habeas corpus.*

The judgment of the probate judge can not be sustained
on the ground upon which it was invoked and rested.  The
mayor and aldermen of the town of Russellville were, in our
opinion, empowered and authorized to prohibit the sale of
whiskey within the limits of the municipality.  Such sale
under the local prohibitory act, to which reference has been
made, was an offense known and classed in the laws of the
State as one against public morality and decency; and the
charter, as we have seen, expressly authorizes the mayor
and aldermen to pass all ordinances for the suppression of
all offenses so known and classed.  Whether this authoriza-
tion was efficient in respect of *all* offenses which are known
and classed in our laws as violative of public morality and
decency, we need not inquire or decide; it is at least so far
a valid delegation of power to the municipality as to cover
all such offenses as fall within the ordinary police power of
towns and cities; that is, if the offense attempted to be sup-
pressed by the municipality be not only one classed as op-
posed to public morality and decency in the laws of the
State, but also one control over which by means of the ex-
ercise of the corporate police power might have been spe-
cifically granted to the town, it is efficiently delegated by
reference to it as an one known, in the laws of the State, as
an offense against public morality and decency; and as the
General Assembly might unquestionably have invested the
mayor and aldermen of Russellville with power to prohibit
and punish the sale of intoxicating liquor, in conservation
of the peace and good order of the town, it follows that a
delegation of such power in respect of a certain class of
offenses, of which this is one, is valid as to this one, whether
so or not as to others so classed.

It seems from this record that the writ of *habeas corpus*
was sued out soon after Hurley was adjudged guilty and the
fine imposed, and before he had *failed* to pay the fine and
cost in the sense of authorizing his commitment to hard
labor or prison "until such fine and cost are paid;" and the
discharge which he seeks is from this temporary custody
between conviction and such failure to pay which is allowed
before sentence to hard labor or imprisonment for non-
payment, to afford him an opportunity of satisfying the
judgment, and not from the judgment to hard labor or im-
prisonment which might ultimately have been imposed.
Hence it is not necessary that we should decide whether
such ultimate judgment could have been rendered—that is,

[Ex parte Sloane.]

whether the legislative provision for commitment to hard labor or imprisonment in case of failure to pay fine and cost is valid. It is to be noted, however, in this connection, that the act does not contemplate hard labor or imprisonment as alternate punishment, or as punishment to be imposed *in lieu* of the fine, but as *means of coercing* the payment of the fine; and while it may be that the defendant could be put to hard labor, at a reasonable rate of compensation, for a sufficient length of time for his earnings to equal the fine and cost, we are inclined to the opinion that, in so far as the provision in question undertakes to authorize his *imprisonment* until the fine and costs are paid, it is inoperative and void. Otherwise the imprisonment might be for a period as indefinite as the duration of the defendant's life, and have much in common with imprisonment for debt, which the organic law inhibits, and hence involve violence to the policy of our jurisprudence.

The order of the Probate Court discharging Arthur Hurley is vacated and annulled, and his petition for the writ of *habeas corpus* is here denied. The rights of the town of Russellville in respect of the custody of the defendant Hurley are the same as if he had casually escaped from the town marshal.

Petition for *certiorari* granted, &c.