# Love *v.* The State.

*Indictment for Living in Adultery or Fornication.*

1.  *Indictment for living in adultery; what need not charge.*—In an indictment for living together in adultery or fornication, it is not necessary to charge that the parties "lived with each other."

2.  *Statement by defendant; properly admitted when.*—Where a defendant is on trial under an indictment for living in adultery or fornication, his statement made to the woman with whom he is charged with having lived in adultery, on an occasion when they were both under arrest by a police officer for violating a city ordinance, that "I've spent a heap of money on you to get you out of your troubles and now you've gone and raised the devil, and if I had a gun I would shoot your brains out and kill myself,' is competent to go to the jury—it clearly appearing from the attendant circumstances shown in evidence at the time of the statement, as well as from the statement itself, that it was not made under the influence of either hope or fear.

3.  *Under an indictment for living in adultery or fornication, imma-*

[Love v. The State.]

terial whether it appears whether the woman is married or single.—Under an indictment in Code form which charges the defendant with living in adultery or fornication it is immaterial whether the woman was or was not a married woman; and a charge is properly refused to the defendant which demands an acquittal unless the jury can determine whether the woman was married or single.

4. *Abstract charge; properly refused.*—A charge which misstates the law or is abstract is properly refused to the defendant.

APPEAL from Lee Circuit Court.

Tried before Hon. A. A. EVANS.

John Love a white man was convicted of living in adultery with Alice Pinckard, a negro woman. He demurred to the indictment because it did not charge that the parties lived in adultery or fornication "with each other." There was evidence that while the defendant and Alice Pinckard were under arrest by the town authorities for disorderly conduct, before the commencement of the prosecution in this case, the defendant said to Alice, "I've spent a heap of money on you to get you out of your troubles; and now you have gone and raised the devil; and if I had a gun I would shoot your brains out and kill myself." Charges 1 and 2 were refused to the defendant. Charge 1 is as follows: "Unless the jury can say from the evidence beyond a reasonable doubt whether Alice Pinckard is a married woman or an unmarried woman, you must acquit the defendant." Charge 2 is as follows: "That one act of illicit intercourse and an agreement or consent that it will be repeated if opportunity offers is not sufficient to convict the defendant in this case."

BARNES & DUKE, for appellant, cited, on the question of confessions, Clark's Manual, § 2480; *Sullen's Case,* 53 Ala. 474.

CHAS. G. BROWN, Attorney-General, for the State. (1). No merit in demurrer.—*Pace & Cox v. State,* 69 Ala. 231. (2). Declarations of defendant admissible. *Henderson v. State,* 25 So. Rep. 234; *Collier v. State,* 87 Ala. 58. (3). Charges erroneous.—*Owen & Beaty v. State,* 94 Ala. 98; *Bodiford v. State,* 86 Ala. 67.

[Love v. The State.]

DOWDELL, J.—The precise question presented by the defendant's demurrer to the indictment has been decided by this court, and the demurrer held not to be well taken.—*Pace & Cox v. State,* 69 Ala. 231.

So far as the bill of exceptions discloses, at the time of the declaration or statement made by the defendant to the woman Alice in the presence of the witness Mills, assuming that it was a confession, which we do not here concede, there was no charge against the defendant of the offense for which he was on trial. The officer arrested the defendant for the violation of a city ordinance, "on a charge of disorderly conduct." It clearly appears from the attendant circumstances shown in evidence at the time of the statement, as well as from the statement itself, that it was not made under the influence of either hope or fear. The remarks of the defendant were addressed to the woman Alice, and were couched in language which rebuts any suggestion that he was influenced by the appliance of hope or fear from any source. We are of opinion that the circuit court committed no error in refusing defendant's motion to exclude this evidence.—*Sullin v. State,* 53 Ala. 474; *Henderson v. State,* 25 So. Rep. 236.

The indictment was in Code form, and charged the defendant with "living in adultery *or fornication.*" Under this charge it was immaterial whether the woman was or was not a married woman, and written charge No. 1 requested by defendant was, therefore, properly refused.

Written charge No. 2 requested by defendant, besides being bad in not correctly stating the law, was also abstract, as the evidence without conflict shows more than one act of sexual intercourse between the defendant and the woman with whom he was charged with living in adultery.

We find no error in the record, and the judgment of the circuit court is affirmed.