[White v. The State.]

# White v. The State.

## *Indictment for Murder.*

1. *Organization of petit jury in capital case; excusing juror no ground for quashing venire.*—The fact that one who was summoned as a regular juror for the week in which the defendant in a capital case was tried, and whose name was on the list served upon the defendant, was excused by the court in the organization of the regular juries for the said week and was not in attendance on the day of the defendant's trial, constitutes no ground for quashing the venire.

2. *Homicide; when production of bundle of clothing during trial without injury to defendant.*—Where on a trial under an indictment for murder, the court, at the request of the solicitor, had a bundle of clothing found at the house of the defendant's co-defendant produced in court, and such bundle was laid where the jury could see it, but it is not shown that the bundle was opened and its contents exposed to the jury, no injury resulted to the defendant from such action on the part of the court.

3. *Same; admissibility of evidence.*—Where on a trial under an indictment for murder, a physician testified that he had had considerable experience in examining blood spots, and had examined the defendant's leggings which were worn by him on the day of the homicide, it is competent for such witness to testify that the stains found on the leggings looked like blood stains.

4. *Confession; when shown to be voluntary.*—Where a witness testifies that he did not make any promises or threats to the defendant to induce him to make the statement, and that while the defendant was in jail, the witness, who was county physician, while visiting a sick prisoner, talked with the defendant and asked him what made him commit the crime for which he was charged, whereupon the defendant proceeded to make a statement which implicated him as guilty of the crime charged, such statement is shown to have been voluntarily made and is admissible in evidence; the fact that the defendant was under arrest and made the state-

[White v. The State.]

ment to the witness in answer to. the question that assumed his guilt, not rendering such statement inadmissible as a confession.

5. *Charge as to reasonable doubt.*—In a criminal case, a charge which instructs the jury that in order to convict they must find that "there is no other possible or reasonable conclusion to be reached but that of the defendant's guilt," is erroneous and properly refused.

7. *Homicide; conspiracy; charge to the jury.*—On a trial under an indictment for murder, where there was evidence tending to show that the defendant and another party acted in concert in killing the deceased, a charge which instructs the jury that "no matter how strong the circumstances may be in this case, if they can be reconciled with a theory that some other person did the killing charged against the defendant," the jury should acquit him, is erroneous and properly refused.

8. *Charge relating to argument of counsel properly refused.*—It is not error for the court to refuse to give charges having no other purpose than to respond to or off-set the argument made before the jury by the prosecuting officer.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

The appellant, Sam White, was jointly indicted with one Florence Kimbrough for the murder of Mary Williams, was tried separately, was convicted of murder in the first degree and sentenced to the penitentiary for life.

When the case was called for trial the defendant moved the court to quash the venire served upon him upon the ground that one C. Knight, whose name was upon the list of jurors served on the defendant for his trial in this case, was excused by the court from serving on the jury; that he was so excused without the knowledge or consent of the defendant; that the ground for excusing him was that he had served as a juror in a justice of the peace court within twelve months, but that said Knight came to court and offered to serve as a juror during the week defendant was tried, but was excused by the court without legal cause or excuse therefor, and that the defendant was deprived of the right to pass upon said Knight as a juror on his trial. The facts as stated in the motion were admitted to be true. The court over-

ruled the motion, and the defendant duly excepted. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (6.) "The jury must find from the circumstances relied on in this case, in order to convict, that there is no other possible or reasonable conclusion to be reached but that of defendant's guilt, and if you do not so find, then the State has failed to make out a case, and it is your duty to acquit the defendant." (11.) "The court charges you, gentlemen, that no matter how strong the circumstances may be in this case, if they can be reconciled with the theory that some other person did the killing charged against the defendant, then defendant's guilt is not established by that full measure of proof required by law, and the jury should acquit him." (18.) "The uncontroverted testimony in this case is that Mary Williams asked the defendant to go with her from the place where White overtook the deceased, to the house where the body of deceased was found."

TATE & WALKER, for appellant, cited *Evans v. State,* 80 Ala. 4; *Lacy v. State,* 58 Ala. 385; 3 Brick. Dig., 285, § 556; *Ex parte Acree,* 63 Ala. 234; *Brown v. State,* 118 Ala. 111; *Rogers v. State,* 117 Ala. 192; *Riley v. State,* 88 Ala. 188; *Pickens v. State,* 115 Ala. 42.

CHAS. G. BROWN, Attorney-General, and JOHN F. PROCTOR, for the State.—The court properly overruled the motion to quash the venire.—Code of 1896, § 4988; *Johnson v. State,* 47 Ala. 9; *Shelton v. State,* 73 Ala. 5; *Johnson v. State,* 94 Ala. 35; *Farris v. State,* 85 Ala. 1; *Maxwell v. State,* 89 Ala. 150; *Pierson v. State,* 99 Ala. 148; *Moseley v. State,* 107 Ala. 74; *Thomas v. State,* 124 Ala. 48; *Byers v. State,* 105 Ala. 31.

The confession testified to by Dr. Boyd was shown to have been voluntary and was properly admitted in evidence. The mere fact that the interrogator of the de-

[White v. The State.]

fendant by his questions assumes that the defendant is guilty does not render his answers inadmissible.—*McQueen v. State*, 94 Ala. 50; *Spicer v. State*, 69 Ala. 159; *Grant v. State*, 55 Ala. 201.

Dr. Boyd's testimony in reference to blood stains on defendant's leggings was an opinion, based upon his observation and examination of the thing about which he testified, and whether he was shown to be an expert or not makes no difference.—*K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 412; *A. G. S. R. R. Co. v. Hall*, 105 Ala. 599; *Walker's case*, 58 Ala. 393; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585; Rogers on Expert Testimony, §§ 47, 60.

The court properly refused the charges requested by the defendant.—*Scott's case*, 96 Ala. 20; *Turner's case*, 124 Ala. 59; *Mitchell v. State*, 129 Ala. 23.

HARALSON, J.—There was no error in overruling the defendant's motion to quash the *venire*, based on the ground that the court had, without defendant's consent, excused a juror whose name was on the list served on him for his trial. It is shown that no such ground existed.

What the production of the bundle of clothing found at the house of Kimbrough, a co-defendant, not here on trial, had to do with the case is not made to appear. The court, at the request of the solicitor, had the bundle produced, and it was laid where the jury could see it, but it does not appear that the bundle was opened or its contents exhibited to the jury. No possible injury could have resulted to the defendant from what was done.—Code, § 4333. It may be presumed, the bundle was produced for its contents to be used, if in the progress of the trial, it was shown to be proper to do so, which was not done.

Dr. Boyd was examined as a witness for the State, and testified that he had been practicing medicine for about two years, and was a county physician; that he had had considerable experience in examining blood spots, and had examined the defendant's leggings with a low power lens; that he went with the coroner's jury on the morning the dead woman was found, and was asked by

the solicitor what he found on the defendant's leggings. He answered, that he found some stains on them that looked like blood; that he made no microscopical examination of the stains, and could not swear positively that it was blood—could only swear that these stains looked like blood. The leggings were introduced in evidence by the defendant. The defendant when said question was propounded to the witness, objected to it because it was not shown that the witness had the knowledge to qualify him to testify as an expert; that it was not shown that he had made the proper examination to enable him to testify as to what was on defendant's leggings, and because such testimony was immaterial and inadmissible, and he moved to exclude the answers on the same ground, but his objections were overruled. Whether he was an expert or not, and competent to express the opinion he did as to these stains, was a matter addressed to the discretion of the court, and the province of the court to determine. He gave it as his opinion, based on his experience in examining blood spots, that they looked like the stains of blood. The force and value of this opinion, was open to be combatted by other proof, that the opinion was worthless, and its value was for the jury to determine, in connection with all the evidence.—*Gulf C. Ins. Co. v. Stephens,* 51 Ala. 123; *Walker v. The State,* 58 Ala. 393; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 591.

This witness was asked by the solicitor, if defendant had made a statement to him concerning the homicide; how and by whom it was done, and witness answered that he had made such a statement. Upon objection by defendant to the witness making the statement to the jury, the court ordered the jury to retire, which they did. The court then asked the witness, if he had made any promise or threats to defendant to induce him to make a statement, to which witness replied that he had not; that being county physician, he was at the jail to visit a sick prisoner, and while there he saw defendant and inquired of him, how he was getting along, and how his troubles were serving him, and he replied, he was getting along very well; that he then asked him, what

made him do that, when defendant replied, that he was not guilty, did not kill the woman and did not have anything to do with it. Without more, he said, "I will tell you how it was," and proceeded to make the statement which the witness detailed in court, such as is set out in the transcript, and which, upon return of the jury to the court room, the court allowed to be repeated to them by the witness as evidence in the cause.

This evidence, which tended to implicate defendant as a guilty party in the homicide, was properly admitted. The fact that he was under arrest, and that he made the statement to the witness in answer to a question that assumed his guilt, did not render it inadmissible as an admission or confession.—*Carroll v. State*, 23 Ala. 28; *Redd v. State*, 68 Ala. 492; *Miller v. State*, 40 Ala. 54; *McQueen v. State*, 94 Ala. 50.

The sixth charge was properly refused. In order to convict, the law does not require that there can be no other *possible* conclusion to be reached but that of defendant's guilt. Reasonable doubt of guilt is all that can be required for an acquittal.—*Scott v. State*, 95 Ala. 20; *Karr v. State*, 106 Ala. 1.

Charge 11 was properly refused, when construed with reference to the evidence. The tendencies of the evidence was, that the defendant and Florence Kimbrough acted in concert in effecting the death of the deceased, and while Kimbrough may have struck the blow that killed her, that defendant was implicated in the matter and aided and abetted therein.—*Pickens v. State*, 115 Ala. 43, 51.

Charge 18 was improper. The confessed purpose of the charge was to refute some remarks of the solicitor in his closing argument; and it is not error in the court to refuse a charge having no other purpose than to respond to or offset arguments made before the jury by the prosecuting officer.—*Mitchell v. State*, 129 Ala. 23.

Let the judgment and sentence below be affirmed.