54 So.2d 900

## HARRIS v. CITY OF BIRMINGHAM.

6 Div. 108.

Court of Appeals of Alabama.

May 15, 1951.

Rehearing Denied June 12, 1951.

120

Chas. H. Brown, Birmingham, for appellee.

Wm. Conway, Birmingham, for appellant.

HARWOOD, Judge.

On 29 June 1949 this appellant was found guilty in the Recorder's Court of the City of Birmingham of violating Section 600 of the General City Code of the City of Birmingham, which Section 600 deals with the operation of lotteries.

On the day of his conviction the appellant gave notice of appeal to the Circuit Court and filed an appeal bond in the Circuit Court on 22 July 1949.

On 3 June 1950 the appellant moved that he be discharged from further prosecution in this cause for the reason that more than 60 days had elapsed since the judgment was rendered in the Recorder's. Court; that the City has failed to comply with the following portion of Section 587,. Title 37, Code of Alabama 1940: "When an appeal is taken, as provided for herein, said appeal shall be filed by the city in the court to which said appeal is returnable within sixty days; and if the city shall fail to file said appeal within said time, the city shall be deemed to have abandoned the prosecution of said cause, and the defendant shall not be required to further answer or appear,. and the bond shall thereafter be void."

The court denied appellant's motion for his discharge.

It is obvious from a reading of the portion of Section 587, supra, that it applies to appeals perfected by a City, and not by a defendant.

As stated in Chaney v. City of Birmingham, 32 Ala.App. 4, 21 So.2d 268, 273: "It is held that the jurisdictional recitals of the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the cause (Ex parte McLosky, 210 Ala. 458, 98 So. 708; Lee v. State, 10 Ala.App. 191, 64 So. 637), and on appeal the complaint signed by the city prosecuting attorney is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder. Fealy v. City of Birmingham, 15 Ala. App. 367(9), 73 So. 296."

Prior to entering upon trial the defendant filed a motion seeking a change of venue on the ground that because of recent publicity given to lottery operation by a daily paper of wide circulation published in Birmingham he could not get a fair and impartial trial. This motion was sworn to by the appellant.

■ The court permitted a hearing on the motion. Two attorneys of Birmingham who had had experience in the trial of lottery cases were called as witnesses. The court properly sustained objections to questions seeking their opinions as to whether the appellant, in view of the newspaper publicity concerning lotteries, could obtain a fair and impartial trial in Jefferson County. The question called for an opinion, or conclusion, with no substantial facts on which to base such opinion. Neither lawyer testified he had ever heard any one mention the lottery cases nor the publicity connected therewith.

The appellant also introduced an article published in the Birmingham-Post Herald of 3 June 1950. This article quotes Judge Bailes to the effect that juries were meting out heavier sentences in lottery cases, and he attributed this to the newspaper publicity concerning lottery operations. Judge Bailes was also quoted as praising the work of the gambling detail of the City Police.

■ We have read carefully the application and the oral evidence and newspaper article submitted in support thereof. We are not reasonably satisfied that the defendant could not reasonably expect a fair trial and an unbiased verdict at the time of the application. The burden rested on appellant to show "to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict could not reasonably be expected in Jefferson County." The appellant has in our opinion failed to meet the burden of proof placed on him. A discussion of the testimony is unnecessary. Malloy v. State, 209 Ala. 219, 96 So. 57. No error resulted in the lower court's denial of this motion.

■■ Upon his motion for a change of venue being denied the appellant moved for a continuance of his case, on the grounds that he could not at the time of trial receive a fair trial because of the above mentioned newspaper publicity. This motion was likewise denied. The granting of a continuance is purely within the sound discretion of the trial court and his action in the premises will not be disturbed unless gross abuse of discretion appears. Smith v. State, 35 Ala.App. 210, 45 So.2d 172. We find no abuse of discretion.

■ Thereafter, on the day of trial, and prior to entering thereupon, the City Attorney filed the following complaint: "Comes the City of Birmingham, a municipal, corporation and complains that Hill Harris, within twelve months before the beginning of this prosecution and within the City of Birmingham or the police jurisdiction thereof, did possess tickets, writings, papers, slips, documents, memorandum, lists, articles, matters or things of a nature or kind which is customarily or usually used in the operation of a lottery, policy game, or game of chance contrary to and in violation of Section 600 of the General Code of the City of Birmingham of 1944."

A demurrer to the complaint containing numerous grounds was interposed. The court properly overruled this demurrer, as similar complaints have been held good

in Stinson v. City of Birmingham, 31 Ala. App. 577, 20 So.2d 113; Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115; Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761, certiorari denied 254 Ala. 515, 48 So.2d 768.

■ The evidence introduced by the City in the trial below was abundant in its tendencies to sustain the verdict and judgment of guilt.

■ During the cross examination of City witness Goldstein the record shows the following:

"Q. Are you familiar with a lottery concerned with the Fraternal Order of Police here several years ago?

"Mr. Brown: I object to that, immaterial, irrelevant and incompetent.

"Mr. Conway: This is cross examination. He says he is an expert so I have a right to cross examine him on any phase of this case connected with lottery.

"The Court: On any phase, of this case, I am sure, but I think probably the question in its present form is incompetent.

"Mr. Conway: We reserve an exception."

The objection was properly sustained. The question assumed that the transaction conducted by the Fraternal Order of Police was a lottery. Whether a transaction is or is not a lottery is a question of law for the courts, and not for a witness to determine. Fiorella v. State, supra.

During the closing argument of the prosecutor, and immediately thereafter, the record shows the following:

"Mr. Brown:—I don't know what the Fraternal Order of Police have done there or anything about them ever running a lottery, but if they did run a lottery down there, why, that is to be deplored. If my friend here has lost his shirts in the past in a crap game, and if he wants to explorate everybody that gets in a crap game, or wants to justify the running of a lottery by such as that, I can't answer for that, but I could answer for any other things he has testified to you about—

"Mr. Conway: We object to that, if the Court please, as there is no testimony here that I have testified as a witness in the case, and it is improper argument.

"Mr. Brown: You testified that the Police department—there wasn't any mention to what the Fraternal Order of Police had done down there until you testified to what it had done—

"Mr. Conway: We reserve an exception to the Court's failure to rule on my objection.

"(No response from the Court.)

"(Whereupon, Mr. Brown finished his argument on behalf of the City, after which, the following occurred.)

"Mr. Brown: That is my case, gentlemen.

"The Court: Anything else from counsel?

"Mr. Conway: We move for a mistrial because the Court refused to rule on my objection.

"The Court: Anything further from the counsel?

"Mr. Brown: That is all.

"The Court: Let the motion for a mistrial be overruled.

"Mr. Conway: We except.

"Mr. Conway: We move to exclude Mr. Brown's argument on the proposition objected to.

"The Court: Overrule.

"Mr. Conway: We except."

Appellant's counsel contends that this portion of the record should cause a reversal of this case because, first there was no evidence to support the prosecutor's statement that defense counsel had "testified" to certain things, and second: Appellant was placed in an unfair light before the jury by the court's refusal to rule on the objection interposed to the argument.

■ Counsel for the defendant did not testify in this trial. The statement by the prosecutor to the effect that he did was therefore clearly beyond the record. In our opinion however it is reasonably apparent that in the hurly burly atmosphere of the trial that the prosecutor used the word "testified" when he should have used the word "argued." Appellant's counsel in his oral argument contended that by permitting the statement that he had "testified" to remain uncorrected added import-

ance was given to the argument in the eyes of the jury. The jury must certainly have been aware that appellant's counsel did not testify in the case. We cannot believe that even the most inexperienced juror could have been overly impressed by the use of the word "testified." "Such statements are usually valued by the jury at their true worth * * * and not expected to become factors in the formulation of their verdicts." Arant v. State, 232 Ala. 275, 167 So. 540, 544.

█ As to the alleged refusal of the court to rule on appellant's objection to the argument, it appears that when the objection was interposed a colloquy ensued between counsel, and actually the exception was reserved by appellant's counsel interrupting the prosecutor in mid sentence. While the court should have ruled, he was not given an opening at this time. In any event, the appellant obtained advantage of the same point in his motion to exclude the prosecutor's argument made at a later time. The court overruled this motion. The entire portion of the colloquy set out above we think authorizes the conclusion that the statement objected to, other than the use of the word "testified," was a reply in kind to previous argument of counsel for appellant. In this light no error should be cast upon the trial court because of the ruling denying the motion to exclude the alleged objectionable portion of the prosecutor's argument.

Affirmed.