54 So.2d 904

**HARRIS v. CITY OF BIRMINGHAM.**

**6 Div. 302.**

Supreme Court of Alabama.

Oct. 25, 1951.

Rehearing Denied Nov. 23, 1951.

Wm. Conway, Birmingham, for petitioner.

Chas. H. Brown, Birmingham, opposed.

LAWSON, Justice.

Petition for writ of certiorari to review and revise the judgment and decision of the Court of Appeals in the case of Hill Harris v. City of Birmingham.

We are of the opinion that the writ should be denied but, as we have often observed, denial of the writ does not necessarily indicate an approval of all that is said in the opinion of the Court of Appeals.

In the instant case, we have particular reference to the holding in the opinion of the Court of Appeals that the last sentence of § 587, Title 37, Code 1940, applies only to appeals perfected by a city.

Section 587, Title 37, Code 1940, reads: "In any case involving the validity of an ordinance of the city, tried before the recorder, the council may take an appeal, without bond, to the circuit court or court of like jurisdiction; and in any case the defendant may take an appeal to such court by giving bond with good and sufficient sureties, payable to the city, to be approved by the recorder or officer trying the case, conditioned to be void if the defendant appears before said court, until discharged by law to answer said charge, but unless such bond be given within five days from the date of the judgment, no appeal shall be allowed from such judgment. An appeal bond for more than three hundred dollars shall in no case be required, but when sitting as a committing magistrate, any reasonable bond may be required. The case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine, or imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses. When an appeal is taken, as provided for herein, said appeal shall be filed by the city in the court to which said appeal is returnable within sixty days; and if the city shall fail to file said appeal within said time, the city shall be deemed to have abandoned the prosecution of said cause, and the defendant shall not be required to further answer or appear, and the bond shall thereafter be void."

Under the terms of the section quoted above, a defendant takes his appeal from a conviction in recorder's court by giving bond within five days from the date of judgment of conviction. The bond is made

430

payable to the City and must be approved by the recorder or officer trying the case. It is not provided that the defendant file the bond in the court to which the appeal is returnable. It is made the duty of the City to file the bond in that court by the last sentence of said § 587, Title 37, supra, for an appeal can only be taken by a defendant by giving bond. To hold that the provisions of the last sentence have application only to appeals by the City would render meaningless the following words of that sentence, "and the bond shall thereafter be void", for the City is not required to give bond in order to appeal under that section.

But the fact that we differ with the Court of Appeals on this point does not require a reversal of the judgment of that court, for it affirmatively appears from the opinion of that court that the bond given by Harris was filed in the circuit court within the prescribed period of time.

Writ denied.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.