127 So.2d 375

**Peggy Ostell GOLDIN, alias Golden**

v.

**STATE of Alabama.**

**7 Div. 485.**

Supreme Court of Alabama.

Jan. 26, 1961.

Rehearing Denied March 2, 1961.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

Scott & Scott, Fort Payne, and H. T. Foster, Scottsboro, for appellant.

SIMPSON, Justice.

Peggy Ostell Goldin was indicted for the offense of murder in the first degree of

Jackie Ray Lumpkin, deceased, and upon trial was convicted of murder in the second degree and her punishment fixed at imprisonment in the penitentiary for twenty-five years. Judgment was entered accordingly. Her pleas were "not guilty" and "not guilty by reason of insanity". The evidence was without dispute that appellant shot the deceased in the back with a pistol, thereby causing his death.

The trial of appellant was set for August 31, 1959. The appellant on August 31, 1959 made a motion for a continuance based on the premise that appellant could not obtain a fair and impartial trial at that time in DeKalb County because of a certain newspaper article appearing in the Times-Journal, a local newspaper, published on August 27, 1959. Before beginning voir dire examination of the jurors, the court gave an extensive and searching examination of the jurors as to their knowledge of the newspaper publication, their bias which may have been created by the publication, and whether any one of them had a fixed opinion as to appellant's guilt or innocence. There was no affirmative indication by any member of the venire from these inquiries with reference to bias, etc., so the court overruled the motion for continuance. Thereafter, the jurors were qualified and proceedings were recessed until the following morning. The next day, September 1, 1959, the appellant renewed her motion for continuance on the ground that a second newspaper publication on September 1, 1959 in the Times-Journal prejudiced the defendant's case against a fair trial. The court, after ascertaining that none of the prospective jurors had seen or read the article, overruled the motion.

We find no error to reverse in either of these rulings.

It is settled law that the matter of a continuance rests in the sound discretion of the trial court and its ruling thereon is to be disturbed only in event of gross abuse. We perceive none here. It is the duty of the court to ascertain whether the defendant can reasonably be expected to obtain a fair and impartial trial by an unbiased jury. The burden is upon the defendant to prove to the reasonable satisfaction of the court that an impartial trial and unbiased verdict cannot be reasonably expected. Riley v. State, 209 Ala. 505, 96 So. 599.

The newspaper articles were written with reference to the trial and it can be expected that the general public was interested about the case. We are left unconvinced, nor was it made apparent to the trial court, that the appellant could not, on account of these newspaper articles, have had a fair trial by the venire summoned and the jurors impaneled for her trial. The appellant, in our view, has failed to show such an abuse of discretion as would warrant a reversal for not continuing the case. Illustrations of the correctness of the rulings below may be found in the following cases—and many more could be cited: Riley v. State, supra, Rogers v. State, 37 Ala.App. 8, 65 So.2d 525, certiorari denied 259 Ala. 124, 65 So.2d 531; Collins v. State, 234 Ala. 197, 174 So. 296; Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, certiorari denied 254 Ala. 74, 46 So.2d 847; Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565, certiorari denied 258 Ala. 532, 63 So.2d 573; Harris v. City of Birmingham, 36 Ala.App. 119, 54 So.2d 900, certiorari denied 256 Ala. 429, 54 So.2d 904; Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, affirming 237 Ala. 616, 188 So. 391.

It is urged by the appellant that prejudicial error was committed in admitting in evidence a confession of the appellant on the ground that it was not shown to be voluntary or complete. The settled rule, as to the admissibility of confessions in evidence, has often been stated by this court and should be well understood. We will advert to some general principles.

Confessions can be rendered admissible only by showing that they were

voluntary and not constrained or, in other words, free from influence of fear or hope of reward, applied to the prisoner's mind by a third person. Prima facie, a confession is not voluntary, and there must be evidence addressed to the trial judge rebutting that presumption, unless the circumstances attending the confession affirmatively disclose its voluntary character. Beaird v. State, 215 Ala. 27, 109 So. 161; Johnson v. State, 242 Ala. 278, 5 So.2d 632, certiorari denied 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763; Myhand v. State, 259 Ala. 415, 66 So.2d 544.

■■■■ Questioning a suspect while in the custody of law enforcement officers is not prohibited either by the common law or by the Fourteenth Amendment, nor is a confession rendered inadmissible solely because it was made while the accused was in the custody of such officers. Ziang Sung Wan v. United States, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131; Aaron v. State, 37 Ala. 106; Stone v. State, 208 Ala. 50, 93 So. 706; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Phillips v. State, 248 Ala. 510, 28 So. 2d 542.

Nor is a confession rendered inadmissible solely because it was made after arrest by an officer prior to the accused being taken before a committing magistrate. Ingram v. State, 252 Ala. 497, 42 So.2d 36. It is not necessary for a confession to be voluntary that it proceed wholly at the instance and suggestion of the prisoner. Nor is it involuntary and inadmissible if it is not transcribed verbatim as related by the prisoner. If the transcription is substantially as related and affirmed by the prisoner as correct, it is none the less admissible. Dennison v. State, 259 Ala. 424, 66 So.2d 552.

■■■■ Appellant advances the argument that she was in a highly nervous state and much disturbed over the tragedy and her efforts to repulse the persistent attempts of the deceased to force himself upon her and his alleged vile conduct toward her. The fact that an accused is not

in full possession of his or her mental faculties when the confession is made does not render it inadmissible, but only affects the weight to be accorded by the jury; or is provable merely to support other evidence that the confession was not voluntary. To render such a confession inadmissible on that ground the mania must have been such that the accused was either an idiot or a lunatic during lunacy. Redwine v. State, 258 Ala. 196, 61 So.2d 724.

For other cases pertinent to confessions see: Sullins v. State, 53 Ala. 474; Love v. State, 124 Ala. 82, 27 So. 217; Reedy v. State, 246 Ala. 363, 20 So.2d 528; White v. State, 260 Ala. 328, 70 So.2d 624.

We have painstakingly examined the record for errors contended for by appellant with respect to the confession. We do not find any such errors. We think the predicate as laid by the State through its officers, before proof of the confession was offered, was in all respects sufficient under the authorities to show prima facie that the confession was made voluntarily.

■■■■ There were several charges refused to defendant of which three related to the plea of insanity. The court in its oral charge gave the well-known rule of the test of criminal responsibility as developed in Parsons v. State, 81 Ala. 577, at pages 596, 597, 2 So. 854, at page 859, 69 Am.Rep. 193. Appellant contends that the charges refused correctly state the law and prejudicial error was committed by their refusal, and that the charge of the court, both oral and written, dealt too lightly with the matter of insanity. In this we do not agree. From the oral charge and the given written charges requested by the defendant, the jury was adequately apprised of the law applicable under the appellant's plea of "not guilty by reason of insanity". The refused charges were fairly and substantially covered in the oral and written given charges of the court, resulting in no prejudicial error by their refusal. Code 1940, Title 7, § 273.

The same rule applies to appellant's contention that the court committed reversible error in refusing certain requested written charges on self-defense. Appellant in her brief concedes this point does not require much argument, and we also think it requires only brief comment. Refused charges numbering 9, 10, 12, 14, 16, 17, and 18 were cumulative and were adequately covered in the oral charge of the court and the given written requested charges. Refused charge Number 11 is confusing, argumentative and misleading. We find no error in the refusal of the written requested charges on this phase of the case.

■ Finally, appellant argues prejudicial error in allowing the testimony of one Verlon Reece on rebuttal by the State. Appellant testified on direct that she did not meet or plan to meet Verlon Reece on Sand Mountain or Lookout Mountain the day that the deceased was shot by appellant. This evidence offered on rebuttal tended to show that Verlon Reece and appellant had agreed to meet on Sand Mountain and they met around 3:00 p. m. the afternoon that deceased was shot by appellant. It is claimed that this line of testimony amounted to impeachment of appellant on an immaterial matter, resulting in prejudicial error.

■ The rule is that the admission or rejection of evidence on rebuttal is addressed largely to the trial court's discretion. Caldwell v. State, 203 Ala. 412, 84 So. 272; Douglass v. State, 21 Ala.App. 289, 107 So. 791. It is true as argued by appellant a witness cannot be impeached by contradicting him on an immaterial matter. Smith v. State, 261 Ala. 270, 73 So.2d 916. This latter principle, however, is not here controlling for a reversal.

■ The argument overlooks the fact that appellant also interposed the plea of insanity as a defense. This evidence was admissible as bearing on the mental status of appellant at the time of the difficulty, which was shortly after the alleged meeting of appellant and witness Reece on the mountain. Where insanity is set up as a defense to an indictment for murder, prior as well as subsequent acts and declarations of the prisoner are admissible to show the defendant's true mental condition at the time of the homicide. McLean v. State, 16 Ala. 672. For the many cases supporting this principle see 6 Ala.Dig., Criminal Law, Insanity, ☞354. We, therefore, must hold that no error is shown by the stated ruling.

■ Able counsel for appellant make an earnest and eloquent appeal for mercy for this unfortunate young lady who became enmeshed in the entanglements of an illicit romance with the deceased, her one-time paramour, after she had made a rapprochement with her husband and sought diligently to keep that status and be rid of the deceased; yet the deceased would not have any such, but continued to pursue her against her will, casting vile epithets at her until she was driven to the desperate act. While we must confess some sympathy for appellant, such matters were for the consideration of the jury, alone, and if any clemency should now be extended, such appeal should be addressed to another forum. We merely sit in review with respect to errors on trial.

We have carefully examined the entire record to see if there was any error which might have affected the substantial rights of appellant, as is our duty, whether or not called to our attention in brief of counsel. We find none.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.