This is an appeal from an indictment and conviction of murder in the first degree. The jury fixed sentence at life imprisonment. The appellant is represented at trial and on appeal by court appointed counsel.
Three issues are presented for our review: (1) The admissibility of evidence that a law enforcement officer "taped" an interview with the appellant; (2) the question of the capability of the appellant to make a knowing and voluntary waiver of his constitutional rights in view of his limited mental capacity; and (3) whether a tape recorded confession was inadmissible because it contained "highly prejudicial leading questions."
Reduced to the basic facts, the evidence reveals that on the evening of March 12, 1977, the appellant and Samuel Louis Smoot had a fight when Smoot attempted to prevent the appellant from beating Rosie Mae Taylor. Ms. Taylor lived with the appellant's brother and the appellant was under the impression that she was "mistreating" his brother. As the fight came to an end the appellant ran way but stated that he would return.
Later that night, James Ashley, an off-duty auxiliary sheriff's deputy stopped by Reeves' Grocery Store in Talladega County. The appellant was already there and told Ashley that he had shot someone. The appellant voluntarily gave Ashley the single-shot twelve gauge shotgun which he was carrying at his side.
The appellant led law enforcement officers to a cornfield and showed them the body of Samuel Smoot. Five spent shotgun shells were found near or around the body. Smoot had been shot by a shotgun once in the back and once in the back of the head. In the opinion of Dr. Carlos Rabren, Assistant Director for the Department of Toxicology and Criminal Investigation, State of Alabama, "the end of the barrel (of the shotgun) would have been in contact with the scalp tissue at the time the round was fired". Another toxicologist testified that the round was fired from a distance of not more than five feet. Either wound could have produced death.
After being advised of his Miranda rights the appellant freely and voluntarily gave statements admitting his guilt to the Sheriff of Talladega County and an investigator for the Sheriff's office.
 I
In questioning the investigator for the Sheriff's office, the District Attorney asked:
 "Q. Did you later have occasion to tape an interview with the defendant?
"A. Yes, I did.
"Q. When did that take place?
 "MR. SIMS (Defense Counsel): Now I'm going to object to this, Judge, any tape recording.
 "MR. HOLLINGSWORTH (District Attorney): Tapes are admissible in evidence. They're higher than written statements. That's everything that everybody says in their own voice.
"MR. SIMS: I object.
 "THE COURT: I overrule to that as a preliminary question." *Page 1074 
Initially we note that the question called for admissible evidence, the answer was responsive, and objection was made only after the answer had been given. The objection was therefore untimely. Gamble, McElroy's Alabama Evidence
(3rd ed. 1977), § 426.01 (3), p. 793. In this situation a motion to strike or exclude the answer was necessary.
Even if timely objection had been interposed, evidence that the accused merely made a statement is admissible. The "statement" was not characterized as a "confession" or an "inculpatory or incriminating admission". The acts, declarations, and demeanor of an accused, before or after the offense, are admissible against him. Willingham v. State,261 Ala. 454, 74 So.2d 241 (1954).
Moreover the fact that subsequent proof disclosed that the confession was not improperly induced cured any possible error in the admission of the objected to remark. Crenshaw v. State,225 Ala. 346, 142 So. 669 (1932); Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969).
 II
The fact, without more, that the accused was of less than normal intelligence does not render a confession of a crime inadmissible or require that the confession be excluded because there was no intelligent and knowing waiver of the Miranda
rights. Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967).
The fact that the appellant, thirty-three years old, had an I.Q. of 57, which would be roughly equivalent to the mental age of nine years and two months, is only one factor to be considered in determining the voluntariness of his confession.Goldin v. State, 271 Ala. 678, 127 So.2d 375 (1961). In this case there was testimony that even, at this mental age, the appellant would have been able to understand his rights and could therefore make a free and voluntary waiver. Thus, as a matter of law and fact, the confession of the appellant was not inadmissible merely because he was of weak intellect.
 III
The confession was not inadmissible merely because it contained "leading" questions. Confessions are not rendered inadmissible by reason of having been obtained by propounding to the accused questions assuming his guilt. Curry v. State,203 Ala. 239, 82 So. 489 (1919); White v. State, 133 Ala. 122,32 So. 139 (1902).
We have searched the record for error and, finding none, affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.