The defendant was indicted and convicted of burglary in the second degree. Sentence was seven years' imprisonment.
 I
The defendant was caught "red-handed" by Mrs. Sandra Baldwin when she returned home and found the defendant in her house. Her identification of the defendant as the burglar was not questioned. The sufficiency of the evidence cannot be doubted.
 II
The defendant's confession was admitted into evidence over the objection of defense counsel. The defendant was 20 years of age, had an I.Q. of 59, and was classified as "educable mentally retarded."
The defendant was arrested and then given his "Miranda" rights in the back seat of a sheriff's car parked at his house. He stated that he understood his rights. The deputy stated that the defendant appeared to understand his rights. Present were a deputy and a Mrs. Motes — a close friend of the defendant and his family.
The defendant testified that Mrs. Motes told him "to tell the truth, it would go more easy" for him.
The deputy stated that Mrs. Motes told the defendant to "go ahead and tell Mr. May (the deputy) the truth about it"; and to "go ahead and tell Mr. May what you done with the, with that gun." After Mrs. Motes said whatever she said to the defendant, the deputy then advised him of his constitutional rights underMiranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966).
The mental subnormality of an accused does not in and of itself render a confession involuntary. Hines v. State, 384 So.2d 1171
(Ala.Cr.App.), cert. denied, 384 So.2d 1184 (Ala. 1980); Parkerv. State, 351 So.2d 927 (Ala.Cr.App.), cert. quashed,351 So.2d 938 (Ala. 1977); Arnold v. State, 348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977). In Twymon v. State,358 So.2d 1072 (Ala.Cr.App. 1978), the confession of a defendant with an I.Q. of 57 was held to be voluntary.
It is constitutionally permissible to tell the accused that it is best to tell the truth. Eakes v. States, 387 So.2d 855
(Ala.Cr.App. 1978).
The trial judge had an opportunity to observe the demeanor and character of the defendant when defendant testified at the suppression hearing. Considering the totality of the circumstances we find no abuse of discretion in the ruling of the trial judge admitting the confession.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 404