# Goldthwaite v. City Council of Montgomery.

*Quasi-Criminal Proceeding for Violation of Municipal Ordinance.*

1. *Sufficiency of complaint.* — On appeal from the decision of the mayor, in a quasi-criminal proceeding for the violation of a municipal ordinance, it is not necessary that the complaint, or statement of facts, should set out the ordinance alleged to have been violated: it is sufficient to state its date and purpose so as to identify it, and allege a violation of it.

2. *License tax on lawyers.* — Under the constitution and laws of this State, the legislature may impose a license-tax on lawyers engaged in the practice of their profession, and enforce its payment by proper penalties; and this power it may delegate to a municipal corporation, and has conferred on the city of Montgomery.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAS. Q. SMITH.

JNO. W. A. SANFORD, with S. F. RICE, for appellant.

PETERS, C. J. — The city of Montgomery sued the appellant, Richard W. Goldthwaite, for a violation of an ordinance or by-law of the city government, which required all lawyers, practising as such within the city limits, to obtain a license from the corporate authorities, permitting such practice within the boundaries of the city corporation. The cause was commenced before the mayor, where judgment was given

in favor of the city. From this there was an appeal to the circuit court, where there was a new trial had, and the judgment was again rendered in favor of the city government. From this latter judgment, the defendant in the circuit court brings the case to this court by appeal. Here, the errors assigned involve the sufficiency of the complaint in the circuit court and the legality of the city ordinance, or by-law, under authority of which the judgment below was rendered.

1. The cause of demurrer which assails the *form* of the complaint is not sufficient to justify a reversal. It is that the city ordinance is not set out at large in the statement of the cause of action. Under our practice, this is not required. " A presentation of the facts, or matter to be put in issue, in an intelligible form," is all that is necessary. Rev. Code, § 2629. Both in forms and principles, our system of pleading is very different from those established at common law. For this reason, common-law authorities are of little force upon such subjects in our courts. Here, the pleading shows and states all the facts in an intelligible form required in such a case. In the case of *Case* v. *Mayor of Mobile* (30 Ala. 538), the complaint did not show what ordinance or by-law of the city of Mobile had been violated by the defendant. It was merely mentioned, but not specified by its title and its date, as in the present case. The complaint in that case was pronounced bad. This is not such a case. This cause of demurrer was, therefore, properly overruled. Dillon on Munic. Corp. p. 343, § 347, note 2.

2. The other grounds of demurrer involve a discussion of the ordinance complained of and the power to pass it. Did the city of Montgomery, as a municipal corporation, created under the laws of this State, have the authority to pass and enforce such an ordinance ? This seems to be the main question. This depends upon the power of the State to confer such authority upon the city corporation, and upon the further fact whether such authority has in truth been so conferred.

There is nothing in the constitution or laws of this State, known to me, which places the pursuit of the practice of the law above legislative control, or exempts that particular occupation from the burdens of the government imposed by taxation in any of its forms. If such exemption existed by a constitutional or legislative command, it could be very easily pointed out and shown. But this has not been done, or attempted in any other way, than by mere implication. This is hardly sufficient to establish the relinquishment by the State of the power to tax and regulate the occupations of its citizens by state laws. *City Council of Montgomery* v. *Shoemaker*, June term, 1873. Such a matter is wholly a domestic

affair, and it is governed by the state constitution and state laws. The national government has nothing to do with it. In the State of Ohio, this power to tax the occupations of lawyers as such has been expressly affirmed. *The State of Ohio* v. *Gazlay*, 5 Ohio, 14. In this case, the court say, a lawyer's " license cannot be holden to confer any vested privilege, but is liable to be modified in any manner which the public welfare may demand." The license, then, is not an exemption from the burdens of taxation. It merely permits the holder of it to pursue the business and occupation of an attorney-at-law in this State, and leaves the occupation itself free to be taxed, to the same extent that other occupations may be taxed, and for like purposes. This was the determination of this court at its last term. *Cousins* v. *The State*, and *Harris* v. *The State*, at the present term. We feel no disposition to depart from the principles announced in these cases.

Having shown that this power to license occupations exists in the state government, it is beyond doubt that it may be transferred to a municipal corporation creating a city government. *Mayor, &c. of Mobile* v. *Yuille*, 3 Ala. 137. Like decisions have been made in other states of the Union. Dillon on Munic. Corporations, p. 301, note 1. Then, does the act incorporating the city of Montgomery confer this power ? I think it does. The ninth section of this act, among much other matter, declares, that, " The mayor and aldermen " (of said city of Montgomery) " shall have power and authority to pass laws for the assessment, levy, and collection of taxes, not exceeding the following rates: " " on " . . . . " Lawyers, doctors, dentists, photographers, and daguerrian artists, a tax not exceeding twenty dollars *per annum*." Acts of Ala. 1869–1870, pp. 361, 362, § 9. This power was carried into execution by the corporate government of the city, by proper ordinances, for that purpose. It was shown on the trial below that the appellant was a lawyer, and had violated these ordinances by engaging in the business of his profession in the city, without paying for and taking out a license for the same. Upon this testimony, he was convicted, and sentenced to pay five dollars to the city, and costs. This judgment was correct. It is, therefore, affirmed with costs.