# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1910-1911

## Fitzpatrick *v*. The State.

*Violating Prohibition Law.*

(Decided July 6th, 1910. Rehearing denied Dec. 22, 1910.
53 South. 1021. )

1. *Appeal and Error; Review; Bill of Exceptions; Arrest of Judgment.*—Where the bill of exceptions fails to show that any exception was reserved to the action of the trial court in overruling a motion to quash the affidavit or complaint, the ruling thereon will not be reviewed on appeal.

2. *Indictment and Information; Affidavit; Sufficiency.*—Where an affidavit or complaint follows substantially the language of the act denouncing the offense, it is sufficient. In this case, the affidavit sufficiently complies with the language of special acts 1909, p. 63, and is sufficient.

3. *Same; Alternative Allegation; Statute.*—Where offenses may be committed by different means it is permissible to charge the same in alternate language. (Sections 7149-7151, Code 1907.)

4. *Same; Joinder; Felonies and Misdemeanors.*—Where misdemeanors are of the same character and punishable in the same way, two or more may be charged in the same affidavit.

5. *Statutes; Enactment; Notice; General Law.*—The prohibition law is a general law, (Acts 1909, p. 63) and hence, notice of its proposed enactment is not required to be given.

6. *Constitutional Law; Judicial Authority and Duty.*—It is the duty of the complaining party to point out or specify in what respect a statute is alleged to be unconstitutional, and unless the act is patently invalid, the courts will not search for unconstitutional objection on a general suggestion of unconstitutionality.

7. *Same; Construction; Presumptions.*—The presumption is in favor·of the constitutionality of the statute and unless patently unconstitutional, the presumption will be indulged.

8. *Same; Due Process of Law; Evidence.*—Acts 1909, p. 63, being for the promotion of temperance and for the prohibition of and

traffic in liquors, the legislature has the power to declare in section 4, as a rule of evidence, that the storing of any prohibited liquors in any building not used exclusively as a dwelling house should be prima facie evidence that it was kept for unlawful purposes.

9. *Searches and Seizures; Due Process; Unreasonable Seizure; Statutes.*—Sections 20 and 22 of Acts 1909, p. 63, are not violative of the provisions of the bill of rights against unreasonable searches and seizures; its provisions being intended as a protection against oppression and not to furnish an asylum for the violators of law.

10. *Intoxicating Liquors; Instructions.*—Where it was open to the jury to find that defendant kept the liquor for illegal purposes as well as for his own use, a charge asserting that if the defendant kept the whisky for his own use in his bed room, they could not convict him, was properly refused as misleading.

11.—*Same.*—Where the evidence showed that defendant's bedroom in which the liquor was kept was in the same building with a soft drink stand and a pool table, and was connected with the same by a stairway on the inside and on the outside of the building, a charge asserting that if the defendants' bedroom was not connected with the soft drink stand, the jury should acquit him, was properly refused as misleading.

12. *Same.*—Where the evidence was in conflict as to whether the defendant's bedroom in which he kept the liquor was connected with a soft drink stand a charge asserting that if defendant's room was his dwelling and had no connection with a soft drink stand, the jury could not convict, was properly refused as uncertain and indefinite.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Dink Fitzpatrick was convicted for violating the prohibitory liquor law, and he appeals. Affirmed.

Omitting the formal heading the affidavit is as follows: "Says that he has probable cause for believing, and does believe, that Dink Fitzpatrick, alias Will Fitzpatrick, within twelve months before making this affidavit in said county, and since August 25, 1909, sold or offered for sale, or kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors, contrary to law, or maintained an unlawful drinking place, contrary to the statutes in such cases made and provided, or maintained a liquor nuisance contrary to law." The demurrers take the point that the affidavit or complaint does not charge any offense prohibited by law,

that different offenses are charged therein, and that the act is unconstitutional and void, and because it does not appear that the proper notice was given as required by law of its passage.

The following charges were refused the defendant: (1) "I charge you that, if you believe from the evidence that the defendant kept this whisky for his own use in his bedroom, you cannot convict the defendant." (2) "I charge you that, if you believe from the evidence that the defendant's bedrooms were not connected with the soft drink stand, you cannot convict the defendant." (3) "I charge you that, if you find from the evidence that defendant's room was his dwelling, and had no connection with any soft drink stand, you cannot convict."

F. E. BLACKBURN, for appellant. The court erred in its oral charge to the jury.—*Eidge v. City of Bessemer*, 51 South. 246. Charge 2 should have been given, as should charge 3.—*Eidge v. City of Bessemer, supra.*

ALEXANDER M. GARBER, Attorney General, for the State. No exception is shown to the action of the court on motion to quash the affidavit, and hence, it cannot be here reviewed. The affidavit follows the language of the Act denouncing the offense, and is sufficient. The crimes charged were similar and a similar punishment could be inflicted, and hence, they may be charged in the alternative or joined.—Secs. 7149-7151, Code 1907.

DOWDELL, C. J.—The appeal in this case is prosecuted from a judgment of conviction in the city court of Bessemer for a violation of the prohibition law. The cause was tried on affidavit and warrant taken out be-

fore the Honorable William Jackson, judge of the city court of Bessemer, resulting in a verdict of guilty by the jury, and judgment thereon by the court.

A demurrer containing several stated grounds, interposed to the "affidavit and warrant," was overruled. Motion also to quash the affidavit was made and overruled, but, as the bill of exceptions fails to show any exception reserved to this action of the court, no question can now be raised here on this ruling.

The affidavit substantially followed the language of the statute (Sp. Acts 1909, p. 63), and was therefore sufficient, and the grounds of demurrer addressed in this respect were not well taken. It is permissible, where offenses may be committed by different means, to charge the same in the alternative.—Cr. Code 1907, §§ 7149-7151. So, also, where the misdemeanors are of the same character and are subject to the same punishment, two or more may be charged in the same affidavit. The grounds of demurrer addressed to the affidavits in this respect were not well taken, and hence were properly overruled. The act under which the prosecution was commenced being a general law, notice of its proposed enactment was not required to be given under the Constitution. There are several grounds, general in their statement, to the effect that the act in question is unconstitutional, but they fail to point out or specify in what respect the invalidity consists, nor is it even so much as suggested in brief and argument by counsel. Where the act is not patently invalid on its face, it has been the rule of this court not to search for constitutional objections to an enactment of the Legislature on a general suggestion of unconstitutionality without more; otherwise this court would, upon every such suggestion, be put to the necessity of searching the original journals of both branches of the Legisla-

[Fitzpatrick v. The State.]

ture to inquire into the history of the act from its introduction into that body to its final passage and approval. This is a duty that rests upon the complaining party, and not upon the court. Unless an act is patently unconstitutional on its face, the presumption should be in favor of its validity. We fail to see anything in the act offensive to the provisions of the "Bill of Rights" guaranteeing the citizen against unreasonable search. This provision was not intended to furnish an asylum for the violators of the law, but a protection against oppression.

The act in question provides that the storing of any of the prohibited liquors in any building not used exclusively as a dwelling house shall be prima facie evidence that it was kept for an unlawful purpose. It is not conclusive evidence, but only prima facie, and we think there can be no doubt of the power of the Legislature to declare such a rule of evidence.—*Bailey v. State,* 161 Ala. 75, 49 South. 886; *Fong Yue Ting's Case,* 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905. The evidence without conflict showed that the prohibited liquors were kept and stored in an upper room of a building, in which said building there was run a pool table and a soft drink stand. Manifestly the building was not used exclusively for a dwelling.

Charge 1, requested by the defendant, was properly refused. Under this charge the jury might well have found that the defendant kept the liquors for illegal purposes as well as for his own use, and yet the charge instructs an acquittal.

Charges 2 and 3 were each calculated to mislead the jury, and were therefore properly refused. The bedroom was in the same building with the soft drink stand and pool table, connected by a stairway on the inside and one on the outside of the building. The de-

fendant claimed that the door on the inside to the stairway connecting the bedroom with the soft drink stand had not been in use for four months, but had been nailed up. The evidence as to this, however, was in conflict, as there was testimony that on the day of the search this door was not nailed, but merely locked. But, be this as it may, the charge was faulty for uncertainty and indefiniteness in what was meant by being "connected" with the soft drink stand.

We find no error in the record, and the judgment is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.