(81 South. 134)

## CLEARMAN v. FORD.    (6 Div. 438.)

(Court of Appeals of Alabama.    Feb. 11, 1919.)

APPEAL AND ERROR ⬤═753(2)—MATTERS RE-
VIEWABLE—ASSIGNMENTS OF ERROR.

Where there are no assignments of error in record, there are no questions presented for review, and judgment of lower court must be affirmed.

Appeal from Circuit Court, Lamar County; A. H. Alston, Judge.

Action between W. B. Clearman and E. W. Ford. From a judgment in favor of the latter, the former appeals. Affirmed.

C. C. Nesmith, of Birmingham, for appellant.

Milner & Thompson, of Vernon, for appellee.

SAMFORD, J. There are no assignments of error in the record, and under the universal decisions of this court, and of the Supreme Court, there are no questions presented for review, and the judgment is affirmed.

Affirmed.

────────

(81 South. 134)

## LEVINE v. STATE.    (1 Div. 292.)

(Court of Appeals of Alabama.    Jan. 14, 1919.)

1. WITNESSES ⬤═349—CROSS-EXAMINATION—
IMPEACHMENT—IMMATERIAL FACTS.

In a criminal prosecution, the court did not err in granting motion of solicitor to exclude testimony of a witness being cross-examined by defendant, to effect that she had hit her husband in the head with a bucket, a matter not connected with the case.

2. CRIMINAL LAW ⬤═813—TRIAL—ABSTRACT
INSTRUCTIONS.

A requested instruction, "I charge that there is a difference between a prima facie case and a conclusive case," was properly refused as being abstract.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Frank J. Levine, alias, etc., was convicted of violating the prohibition law, and he appeals. Affirmed.

C. W. Tompkins, of Mobile, for appellant. F. Lloyd Tate, Atty. Gen. and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. The only exceptions reserved on the trial were, first, to the action of the court in granting the motion of the solicitor to exclude the testimony of the witness Cientat in reference to the witness striking witness' husband with a bucket; and, second, to the refusal of the court to give at the request of defendant the following charge: "I charge you, there is a difference between a prima facie case and a conclusive case."

[1] The witness Cientat, while being cross-examined by defendant's counsel, stated that she had hit her husband in the head with a bucket when he had her in the gallery to choke her, but that it had nothing to do with this case, and was prior to the time when this prosecution was begun. This evidence was clearly immaterial, and was properly excluded.

[2] The statement in the charge requested, while true, was abstract.

There is no error apparent in the record, and the judgment is affirmed.

Affirmed.

────────

(81 South. 134)

## HOULTON v. CITY OF MONTGOMERY.
(3 Div. 341.)

(Court of Appeals of Alabama.    Feb. 11, 1919.)

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

T. J. Houlton was convicted of violating an ordinance of the City of Montgomery, and appeals. Affirmed.

Brassell & Brassell, of Montgomery, for appellant.

L. A. Sanderson, of Montgomery, for appellee.

BROWN, P. J. There are no assignments of error on the record, and nothing presented for review. Craig v. City of Birmingham, 14 Ala. App. 630, 71 South. 983.

Affirmed.