(92 South. 913)

## MACON v. CITY OF ANNISTON.
### (7 Div. 798.)

(Court of Appeals of Alabama. June 6, 1922.)

Municipal corporations ⬤➡642(3)—Act providing that no assignment of error is necessary in criminal cases does not apply to prosecutions for violations of municipal ordinances.

Code 1907, § 6264, providing that no assignment of error is necessary in criminal cases, does not apply to quasi criminal cases, such as the violation of municipal ordinances.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Dick Macon was convicted of violating an ordinance of the City of Anniston, and he appealed. Affirmed.

P. F. Wharton, of Anniston, for appellant.

Brief of counsel did not reach the Reporter.

S. W. Tate, of Anniston, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The appellant was tried and convicted in the recorder's court of the city of Anniston for violating the prohibition law of that municipality. He appealed to the circuit court, was again convicted, and from the judgment in the circuit court he appeals.

The prosecution for a violation of a municipal ordinance is statutory, and quasi criminal in its nature. The statute, providing that no assignment of error, or joinder in error, is necessary in criminal cases (Code 1907, § 6264), has no application to quasi criminal cases, as for the violation of an ordinance of a municipal corporation. Craig v. City of Birmingham, 14 Ala. App. 630, 71

South. 983; Houlton v. City of Montgomery, 16 Ala. App. 686, 81 South. 134.

In the absence of assignment of error in the instant case, and no brief having been filed for appellant, the judgment appealed from must be, and is, affirmed.

Affirmed.