177 So. 351

McDONNELL v. STATE.

8 Div. 523.

Court of Appeals of Alabama.

Nov. 23, 1937.

Taylor & Richardson, Jeff D. Smith, and Thos. J. Taylor, all of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small and Robert F. Park, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of assault with intent to murder, this appeal was taken.

The corpus delicti was proven by the evidence without conflict. The alleged injured party, Jack Adams, 62 years of age, was seriously and dangerously wounded by the appellant 24 years of age, by having been cut or stabbed with a knife several times in his back and once in his head. Dr. Grote, the attending physician, testified: "I know Jack Adams. I treated him sometime during the Spring. He was brought to Merrimack Hospital pretty bloody. He was cut up. He had one wound on his head and four wounds in his back. Stab wounds. Two of them were pretty deep. I wasn't certain he was going to live. I called an ambulance and had him carried to the City Hospital." On cross-examination he stated: "He looked like he had been stabbed with a knife or some sort of an instrument."

The testimony of the State tended to show that the difficulty was brought on by this appellant and was wholly unprovoked, inexcusable, and unlawful. That appellant first accosted Adams in a belligerent manner and followed him some distance and attacked him with a knife, with the result above stated.

There was no contention or insistence upon the part of the defendant that Adams, the injured party, was armed in any manner, but he (defendant) testified that "Adams struck the first blow."

Other witnesses for the State and some for the defendant were examined, and their testimony tended to corroborate that of the two principals, hence said evidence was in conflict, and the court properly submitted these controverted questions to the jury to decide, under the law as given by the court, which included in clear and explicit lan-

guage, the law of self-defense upon which appellant relied.

■ Several preliminary questions were propounded to Jack Adams, the injured party, and answers given, when it was ascertained that the witness was laboring under a mistake as to the time and place inquired about; whereupon the solicitor withdrew the questions and moved the court to exclude the testimony thus adduced. The court granted the motion and stated: "Gentlemen, the State has withdrawn that testimony, and of course it is excluded from you. The witness evidently did not understand the questions." The defendant thereupon "moved for a mistrial on the grounds that the testimony had been allowed and it was prejudicial to the defendant." The court overruled the motion and defendant excepted. This ruling is made the first ground for a reversal of the judgment of conviction. That there was no prejudicial error in this ruling is so apparent the question needs no discussion. There was nothing prejudicial to the substantial rights of the defendant in the testimony inadvertently brought out, but, had there been, the court properly instructed the jury not to consider it and the testimony had been withdrawn.

■■ It is next insisted that error prevailed in the court's action in overruling defendant's motion to declare a mistrial on the grounds of improper argument to the jury by the solicitor. The bill of exceptions fails to show that objection was interposed to the alleged objectionable argument, or that a motion to exclude was made. No ruling of the court was therefore invoked. It appears, however, that upon motion to declare a mistrial the remark complained of was withdrawn. As an original proposition nothing is presented for our consideration in this connection. In questions of this character, the rule announced by the eminent late Judge Stone, in Cross' Case (Cross v. State) 68 Ala. 476, 478, still prevails, and has been reiterated and approved by innumerable decisions of the appellate courts of this State. The rule is, that for improper argument to the jury by the solicitor to avail appellant on appeal, there must have been interposed promptly an appropriate objection by appellant, an adverse ruling of the court, and an exception to such ruling; or a refusal of the court to rule on the question presented by the objection. See Anderson's Case (Anderson v. State) 209 Ala. 36, 95 So. 171.

There is an exception to the rule above stated; but the alleged objectionable statement, here complained of, was not of that character to bring it within the exception to the general rule. The exception to the general rule referred to is where the remark of counsel is so grossly improper and so highly prejudicial to the opposing party that neither retraction or rebuke by the trial court would have destroyed its sinister influence. Anderson's Case, supra.

■ We note that the first ground of defendant's motion for a new trial is attempted to be based upon the same question above discussed. However, the facts stated in said ground of the motion are not borne out or sustained by what really happened as disclosed in the bill of exceptions. Said ground of the motion, being thus refuted, needs no discussion.

■ The remaining grounds of the motion for a new trial had reference principally to the testimony of State witness C. P. Ellison and sought to introduce testimony to contradict Ellison's statements as to his whereabouts at the time of the difficulty. All this was merely cumulative, and a motion for new trial may not be granted where such is the case.

There is no phase of this case which entitled the defendant to a directed verdict. The affirmative charge requested was properly refused.

No reversible error appears in any of the court's rulings. The record is regular, hence the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.