20 So.2d 113

**STINSON v. CITY OF BIRMINGHAM.**

**6 Div. 90.**

Court of Appeals of Alabama.

Nov. 14, 1944.

Rehearing Denied Nov. 28, 1944.

Wm. Conway, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

CARR, Judge.

On October 22, 1943, the appellant was convicted in Recorder's Court of the City of Birmingham, Alabama, for the violation of an ordinance which may be styled generally as a lottery law. He appealed to the circuit court, where he was again tried and convicted. On January 12, 1944, he appealed to this court.

In the circuit court the city attorney filed a complaint as follows: "Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Elbert Stinson within twelve months before the beginning of this prosecution and within the City of Birmingham, Alabama, or the police jurisdiction thereof, did possess tickets, writings, papers, slips, documents, or memorandums of a kind which are customarily or usually used in the operation of a lottery, policy game, or other game of chance, contrary to and in violation of Ordinance 258-F, adopted by the Commission of the City of Birmingham, Alabama, January 25, 1938."

Appellant filed demurrers testing the sufficiency of this complaint which were overruled by the trial judge, and this ruling constitutes the grounds for appellant's assignment of error No. 1.

In the record filed in the cause in this court, there appears a bill of exceptions and not a transcription of the evidence as required by Act No. 461, Gen. Acts, 1943, p. 423, Code 1940, Tit. 7, § 827

(1) et seq., effective September 1st, 1943. Therefore, we cannot consider the bill of exceptions, it having been abolished by said act. Peabody v. State, Ala.App., 18 So.2d 691;[1] Harlan v. State, ante, p. 478, 18 So.2d 744; Howell v. City of Fort Payne, ante, p. 512, 20 So.2d 878.

In this state of the record, we have for consideration only questions raised by appellant's assignment of error No. 1.

■ This is a quasi-criminal proceeding and Title 15, Sec. 389, Code of Alabama 1940, requiring the appellate courts to consider and review the record without assignment of error, does not apply. Macon v. City of Anniston, 18 Ala.App. 552, 92 So. 913; Craig v. City of Birmingham, 14 Ala. App. 630, 71 So. 983; Childs v. City of Birmingham, 19 Ala.App. 71, 94 So. 790; Washington v. City of Tuscaloosa, 19 Ala. App. 228, 96 So. 464; Russell v. City of Bessemer, 19 Ala.App. 554, 99 So. 53; Gentle v. City of Huntsville, 26 Ala.App. 374, 160 So. 273.

Under the statute, when an appeal is taken to the circuit court from a judgment of conviction in a municipal court, it shall be governed in every respect by the laws regulating appeals from judgments of justices of the peace in criminal cases. Title 37, Sec. 464, Code of Ala.1940. See also Title 37, Sec. 587, Code of Ala. 1940.

"The trial on appeal from a judgment rendered by a justice, shall be de novo, and shall be governed in all respects by the rules and regulations prescribed for the trial of appeals from the county court." Title 13, Sec. 429, Ala. Code 1940. See also Title 15, Sec. 363, Code 1940.

■ In the early case of Goldthwaite v. City of Montgomery, 50 Ala. 486, we find: "On appeal from the decision of the mayor, in a quasi-criminal proceeding for the violation of a municipal ordinance, it is not necessary that the complaint, or statement of facts, should set out the ordinance alleged to have been violated: it is sufficient to state its date and purpose so as to identify it, and allege a violation of it."

This holding has been consistently followed by our courts and we find no departure therefrom. See Nashville, C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 So. 731; Rosenberg v. City of Selma, 168 Ala. 195, 52 So. 742; Turner v. Town of Lineville, 2 Ala.App. 454, 458, 56 So.

603; Isbell v. State, 17 Ala.App. 465, 86 So. 169.

■ The complaint above set out meets all the requirements and conforms to the above decisions. The demurrers, therefore, which only raised the sufficiency of the complaint, were correctly overruled.

The case is due to be affirmed and it is so ordered.

Affirmed.