51 So.2d 270

**SHERMAN v. CITY OF BIRMINGHAM.**

6 Div. 106.

Court of Appeals of Alabama.
March 13, 1951.

Chas H. Brown, Birmingham, for appellee.

CARR, Presiding Judge.

In the court below the accused was convicted of a violation of Sec. 600 of the General City Code of the City of Birmingham, Alabama of 1944. This ordinance is generally termed the "lottery law."

One insistence is that the above ordinance is unconstitutional. This question has been settled adversely to appellant's contention in Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761,[1] certiorari denied 254 Ala. 515, 48 So.2d 768; City of Birmingham v. Reed, ante, p. 31, 44 So.2d 607.

After counsel had announced ready to proceed, the trial judge stated to the jury: "Gentlemen of the panel, this case comes to you by way of appeal from the Recorder's Court into the Circuit Court."

This was an authorized explanation by the court of the process by which the case reached the circuit court. Fiorella v. City of Birmingham, supra.

Written charge numbered 4 was refused to the appellant without error. Windham v. City of Andalusia, 218 Ala. 428, 118 So. 739.

In his argument to the jury the prosecuting attorney stated: "Gentlemen of the jury, there is no way to tell how much is involved in this thing."

Gibson & Hewitt, Birmingham, for appellant.

1. Ante, p. 384.

No doubt this statement had reference to the nature, character, and seriousness of the offense charged in the indictment. Clearly, therefore, it was within the right and province of the attorney to remind the jury of this fact.

The judgment of the court below is ordered affirmed.

Affirmed.