53 So.2d 624

### WASHINGTON v. CITY OF BIRMINGHAM.

### 6 Div. 278.

Supreme Court of Alabama.

June 14, 1951.

Rehearing Denied June 30, 1951.

---

Geo. E. Trawick, Birmingham, for petitioner.

Chas. H. Brown, Birmingham, opposed.

BROWN, Justice.

It appears that the petitioner's case was disposed of by the Court of Appeals without opinion and is not reviewable here on petition for certiorari. Counts v. State, 240 Ala. 530, 200 So. 113; Id., 241 Ala. 581, 4 So.2d 179.

However the questions which the petitioner seeks to raise and did raise on her trial in the circuit court were fully decided and settled in the case of Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761, which was reviewed by this court and writ of certiorari denied. Sam Fiorella v. City of Birmingham, 254 Ala. 515, 48 So.2d 768. The ordinance under which the petitioner was convicted was referred to in Smiley v. City of Birmingham, 255 Ala. 604, 52 So.2d 710, wherein the ordinance was quoted at length, showing that its purpose and effect was to prohibit the possession by any person of "any ticket, writing, paper, slip, document, memorandum, list, article, matter or thing of any nature or kind whatsoever, which is customarily or usually used in the operation of a lottery, policy game, or game of chance of any sort or kind, or which is of a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any kind," etc. General City Code of Birmingham, p. 202, § 600. The ordinance excepts from its operation officers of the law and court attaches when such tickets etc., are used as evidence in the trial or prosecution of cases in the courts.

The writ of certiorari is, therefore, denied.

Writ denied.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.