

the sworn answer of the respondent. Upon the hearing of the motion to dissolve the injunction the complainant amended her bill and the respondent filed additional grounds of demurrer and refiled the original grounds of demurrer as amended. The decree of the equity court sustaining the demurrers filed by the respondent to the complainant's bill of complaint and dissolving the injunction, was entered and filed on the 14th day of May, 1952. An appeal was taken to this court on the 14th day of June, 1952. The only assignment of error made here is that the court erred in sustaining the respondent's demurrer to the bill of complaint as amended and this ruling of the court is the only action of the court which is urged here as error.

Section 755, Title 7, Code of 1940, provides that from any decree by the circuit court, in equity, sustaining or overruling a demurrer to a bill in equity, an appeal from such decree shall be taken within thirty days from the rendition thereof. It is obvious that the appeal in the present case was taken more than 30 days after the decree was rendered. Accordingly, the appeal was taken too late and we have no jurisdiction to consider it. It must be dismissed. Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; Irwin v. Weil, 228 Ala. 489, 153 So. 746.

Appeal dismissed.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

E. C. Nix, Decatur, for petitioner.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., opposed.

LAWSON, Justice.

This cause is before us on petition for writ of certiorari to review and revise the judgment of the Court of Appeals in the case of Sherman Lancaster v. State, Ala. App., 64 So.2d 109.

The Court of Appeals rendered no opinion in the case, simply writing upon the record "Affirmed (No. op.) Harwood, J."

We have held that in the absence of an opinion by the Court of Appeals, we had nothing to review. Counts v. State, 240 Ala. 530, 200 So. 113; Washington v. City of Birmingham, 256 Ala. 121, 53 So.2d 624.

It follows, therefore, that the writ must be denied.

Writ denied.

STAKELY, GOODWYN and MERRILL, JJ., concur.

64 So.2d 109
### LANCASTER v. STATE.
#### 8 Div. 708.
Supreme Court of Alabama.
March 26, 1953.

63 So.2d 701
### TRANUM v. TRANUM.
#### 4 Div. 721.
Supreme Court of Alabama.
Jan. 22, 1953.
Rehearing Denied March 26, 1953.