Perry W. ORFIELD, Plaintiff,

v.

INTERNATIONAL HARVESTER
COMPANY, Defendant.

Perry W. ORFIELD, Plaintiff,

v.

POWER EQUIPMENT COMPANY,
Defendant.

Civ. A. Nos. 3137, 3155.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 21, 1975.

Martin Heller, Philadelphia, Pa. and Bernard E. Bernstein, Knoxville, Tenn., for plaintiff.

N. R. Coleman, Jr., Greeneville, Tenn., Robert R. Campbell, George D. Montgomery, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These are diversity actions, 28 U.S.C. §§ 1332(a)(1), (c), for damages under product liability. They were consolidated for purposes of trial, bifurcated as to the respective issues of liability and damages, and proceeded initially to trial on the issue of liability only. At the conclusion of the plaintiff's proof as to liability, each defendant moved for a directed verdict, Rule 50(a), Federal Rules of Civil Procedure, on the ground that the evidence was insufficient to support a verdict by the jury for the plaintiff. Those motions were taken under advisement.

The plaintiff claimed that each defendant sold to his employer a bulldozer in a defective condition which was unreasonably dangerous to him, as a user thereof; that each defendant was engaged in the business of selling such machines; that such bulldozer was expected to and did reach him as such user without substantial change in the condition in which it was sold on each such occasion; and that physical harm resulted to him from such defective and unreasonably dangerous condition. 2 Restatement of the Law (Second), Torts (2d) 347–348, § 402A.

It was stipulated by all the parties that the plaintiff Mr. Perry W. Orfield was operating a tractor (bulldozer) manufactured by the defendant International Harvester Company and sold to the defendant Power Equipment Company in June, 1969, and then sold by the latter company at about the same time to Mr. Orfield's employer, Wilson and Clark, Inc. It was stipulated also that on September 8, 1972, while Mr. Orfield was operating this bulldozer, a tree fell across the operator's seat thereof and struck him. Mr. Edward B. Landry, a safe-ty engineer, testified *inter alia* that, in his opinion, this bulldozer was defective and unreasonably dangerous to Mr. Orfield as a user thereof, in that it was not equipped at the pertinent times with a safety device in the form of a canopy guard.

The plaintiff Mr. Orfield testified *inter alia* that he was fully aware before and at the time of the foregoing accident that the bulldozer he was operating was not equipped with a canopy guard; that he had operated the particular bulldozer, which he was operating when injured, many times previously; that he had utilized this and other bulldozers before in the same type of windrowing[1] operations, in which he was engaged at the time he was injured; that he had operated bulldozers many times previously, some of which were equipped with canopy guards and some of which were not so equipped; that bulldozers equipped with canopy guards are much safer for their operators than those not so equipped, because canopy guards protect bulldozer operators from risk of injury from falling or flying trees, limbs, brush, rocks, etc.; that windrowing operations were known to him before this accident to be " * * * extremely dangerous * * * ", because objects are prone to " * * * spring up and fly back * * * " and strike the operator of a bulldozer; that he knew he might be hurt in such manner by engaging in a windrowing operation without the protection of a guard canopy on the bulldozer he was operating; and that he was injured on this occasion when a black oak tree, some 50 feet long with a diameter of about 10 inches, was " * * * triggered * * " from a 90° angle to his right in the windrowing process and struck him across his chest.

He also testified that he had been operating bulldozers, including those similar to the one he was operating when injured, for a period of 30 years; professed knowledge of every facet of the operations of a bulldozer and other heavy equipment; had dis-

---

1. Windrowing was described as gathering trees and brush with the blade of a bulldozer and moving them into piles.

cussed with his employer's foreman the fact that canopy guards should be added onto all his employer's bulldozers; and, although he had never been injured previously by the falling of a tree across the operator's seat of a bulldozer, he knew that a variety of accidents could result, and had resulted, from the use of a canopyless bulldozer in windrowing operations.

 The aforementioned rule of strict liability without a specific showing of fault " * * * applies only where a product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate * * * [user] * * *, which will be unreasonably dangerous to him. * * * " 2 Restatement of Torts, *supra,* at 351, sub-§ g. Of course, only Mr. Orfield himself knows what he contemplated, but from his direct testimony, the only logical inference is that he contemplated the condition of this bulldozer which would be dangerous to him when he used it. It thus appears, as a matter of law, that the bulldozer in question was not shown by the plaintiff's proof to be "defective" at the pertinent times, as that term is utilized in the foregoing rule.

Even if it be assumed *arguendo,* that such bulldozer was in a defective condition at the pertinent times because the condition of the bulldozer was not contemplated by Mr. Orfield, the evidence showed without dispute that it was not unreasonably dangerous to him, as that term is utilized in such rule. The strict liability rule is further limited as follows: " * * * The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary * * * [user] * * *, with the ordinary knowledge common to the community as to its characteristics. * * * " *Ibid.,* at 352, sub-§ i. The direct testimony of Mr. Orfield again renders inescapable the inference that the bulldozer involved was not dangerous *to an extent beyond that* which would be contemplated by an operator of long experience, with the ordinary knowledge common to the community of bulldozer operators as to the characteristics of bulldozers in windrowing operations.

 It is the opinion of this Court, that under the aforementioned instructions as to the applicable law, and under the undisputed facts in this record at the conclusion of the plaintiff's proof on the issue of liability, six reasonable minds could come to only one conclusion, and that the jurors would be compelled thereunder to find for the defendants on the issue of liability herein. Nonetheless, it has been said that it has been established as the preferred practice in this circuit to submit such cases to the jury, and, if there is then a verdict for the plaintiff, to enter a judgment for the defendants notwithstanding the verdict. *Campbell v. Oliva,* C.A. 6th (1970), 424 F.2d 1244, 1251–1252. That is certainly preferable where, as in *Oliva, supra,* there is a disputed fact for the jury to decide. *Idem.* At the same time, it is textbook law that:

\* \* \* \* \* \*

It is proper for the court to direct a verdict in favor of a party who is clearly entitled to it, in the absence of any question of fact, or where the law requires a directed verdict. A court is justified in directing a verdict for insufficiency of the evidence only where the evidence is clearly insufficient to support a verdict, or where it is so weak that upon motion for new trial after verdict, the court would feel constrained to set it aside. A verdict should be directed where, by giving the opposite party the benefit of the most favorable view of the evidence, the verdict against him is demanded. \* \*

75 Am.Jur.2d 504–505, Trial, § 491 (footnote references omitted).

\* \* \* \* \* \*

It may be stated as a general rule of wide application that upon a motion for a directed verdict, the trial judge may, when, construing the evidence introduced at the trial liberally in favor of the party against whom the motion is directed and giving him the benefit of all reasonable inferences that can be drawn therefrom, it finds that there is a lack or failure of evidence of some one or more essential

facts of the case, direct a verdict for failure of the evidence. \* \* \* The court should direct a verdict \* \* \* where only one inference or conclusion can be drawn, or where there is no sufficient evidence of a fact essential to the plaintiff's case \* \* \*.

*Ibid.,* at 505, § 492 (footnote references omitted).

\*　\*　\*　\*　\*　\*

. \* \* \* Where \* \* \* the proof offered to establish [the material issues or controlling facts] is undisputed, uncontradicted, or uncontroverted, or such facts are conclusively established or established beyond dispute, or the evidence is all one way, and is unconflicting and uncontradictory, and only one legitimate inference may be drawn, and there are no circumstances which tend to impair or impeach it, and it is not susceptible of inherent weaknesses, improbabilities, and incongruities which, in and of themselves, naturally arise to contradict or impeach the weight and credibility of the utterances of the witnesses, the only question being one of law, the court may, and should, and must, direct a verdict.

75 Am.Jur.2d, *supra,* at 506, § 493.

Giving Mr. Orfield the most favorable and liberal view of his evidence and the benefit of all reasonable inferences flowing therefrom, it is clearly insufficient in these lawsuits to support a verdict by the jury in his favor. It was essential to his case that Mr. Orfield prove by a preponderance of the evidence that his factual situation came within the purview of the aforementioned § 402A rule.

██ The evidence was all one way. Although the plaintiff's witness, Mr. Landry, was of the opinion that this bulldozer was both defective and unreasonably dangerous to Mr. Orfield and other users thereof at the pertinent times, his professional definition of those terms cannot change the legal definitions thereof. " \* \* \* It is the court and not the witness which must declare what the law is \* \* \* ". *People v.*

*Clay,* (1964), 227 Cal.App.2d 87, 38 Cal.Rptr. 431, 100 A.L.R.2d 1421, 1430 (headnote 5); *cf.* also *Fiorella v. Birmingham,* (1950), 35 Ala.App. 384, 48 So.2d 761, certiorari denied (1951), 340 U.S. 942, 71 S.Ct. 506, 95 L.Ed. 680. Mr. Orfield's testimony itself was unconflicting and uncontradicted. The only legitimate inference which could be drawn therefrom was that he contemplated the condition of this bulldozer which would be dangerous to him, and that he contemplated also the full extent of its danger to him, as one totally knowledgeable of its characteristics in the situation in which he was using it. Mr. Orfield accordingly failed to prove the essential elements of his claim, and only a question of law remains.

This Court, perceiving such to be its clear duty herein, hereby GRANTS the respective defendants' motions for a directed verdict.[2] Judgment will enter that, by direction of the Court, the plaintiff will take nothing from either defendant. Rule 58(1), Federal Rules of Civil Procedure.

---

**2.** This order of the Court is effective without any assent of the jury. Rule 50(a), *supra.*